Douglas V. Drury, Esq.
MUELLER & DRURY, P.C.
8110 East Cactus Road, Ste. 100
Scottsdale, AZ 85260-5210
mdlaw@muellerdrury.com
(480) 368-5511
State Bar No. 011461
Attorney for Defendant Cara M. Christ,
Director of the Arizona Department of Health Services,
in her official capacity

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Planned Parenthood Arizona, Inc.; Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D., Desert Star Family Planning, LLC; DeShawn Taylor, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>Mark Brnovich, Arizona Attorney General, in his official capacity; Cara M. Christ, Director of the Arizona Department of Health Services, in her official capacity; Patricia E. McSorley, Executive Director of the Arizona Medical Board, in her official capacity; Richard T. Perry, M.D. Medical Board Chair, in his official capacity; James Gillard M.D., Medical Board Vice Chair, in his official capacity; Jodi A. Bain, Medical Board Member, in her official capacity; Marc D. Berg, M.D., Medical Board Member, in his official capacity; Donna Brister, Medical Board Member, in her official capacity; R. Screven Farmer, M.D., Medical Board Member, in his official capacity; Gary R. Figge, M.D. Medical Board Member, in his official capacity; Robert E. Fromm, M.D., Medical Board Member, in his official | Case No.: 2:15-CV-01022-SPL<br><br>**DEFENDANT CARA M. CHRIST'S ANSWER AND AFFIRMATIVE DEFENSES** |

1 | capacity; Paul S. Gerding, Medical Board Member, in his official capacity; Lois Krahn, M.D. Medical Board Member, in her official capacity; Edward G. Paul, M.D. Medical Board Member, in his official capacity; Wanda J. Salter, Medical Board Member, in her official capacity; Jenna Jones, Executive Director of the Arizona Board of Osteopathic Examiners in Medicine and Surgery, in her official capacity; Scott Steingard, D.O., Board of Osteopathic Examiners in Medicine and Surgery President, in his official capacity; Douglas Cunningham, D.O.; Board of Osteopathic Examiners in Medicine and Surgery Vice President, in his official capacity; Gary Erbstoesser, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Jerry G. Landau, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Martin B. Reiss, D.O. Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Lew Riggs, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Vas Sabeeh, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity,

Defendants.

Defendant, Cara M. Christ in her official capacity as Director of the Arizona Department of Health Services (the "Department") by and through counsel undersigned, hereby admits, denies and affirmatively alleges as follows:

I.  **PRELIMINARY STATEMENT**

1. With respect to paragraph 1 of the Complaint, Defendant admits only that A.R.S. §§ 36-2153(A)(2)(h), (i) (the "Act") is scheduled to take effect on July

3, 2015. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

   2.   Defendant denies the allegations in paragraph 2 of the Complaint, and avers that the Arizona law speaks for itself.

   3.   Defendant denies the allegations in paragraph 3 of the Complaint, and avers that the Arizona law speaks for itself.

   4.   Defendant admits that Plaintiffs seek a judgment that the Act is unconstitutional and seek to enjoin its enforcement. To the extent that there are additional factual allegations in paragraph 2 of the Complaint, Defendant denies the same.

II. **JURISDICTION AND VENUE**

   5.   Defendant admits jurisdiction as to Planned Parenthood Arizona, Inc. ("PPAZ") and Desert Star Family Planning, LLC ("Desert Star"), but denies jurisdiction as to their patients and physicians, Eric Reuss, M.D, M.P.H.; Paul A. Isaacson, M.D.; and DeShawn Taylor.[1]

   6.   Defendant admits that venue is proper.

III. **THE PARTIES**

   A. **Plaintiffs**

   7.   Defendant admits that PPAZ is licensed by the Department and the remainder of the allegations contained in the first two sentences of Paragraph 7; except that Defendant does not have sufficient information to determine whether PPAZ is the largest provider in the state and therefore denies said allegation. Defendant is without

---

[1] Defendant has separately filed a partial Motion to Dismiss as to Plaintiffs Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D. and DeShawn Taylor, M.D. and on the issue of the relief sought pursuant to 42 U.S.C. §1983. Defendant Answers herein as to the remaining parties and claims.

sufficient information to ascertain the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant avers that Desert Star is a licensed abortion clinic. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies the same.

**B. Defendants**

11. Paragraph 11 of the Complaint is inapplicable to Defendant and she therefore denies the same.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint is inapplicable to Defendant and she therefore denies the same.

14. Paragraph 14 of the Complaint is inapplicable to Defendant and she therefore denies the same.

15. Paragraph 15 of the Complaint is inapplicable to Defendant and she therefore denies the same.

16. Paragraph 16 of the Complaint is inapplicable to Defendant and she therefore denies the same.

III. **FACTUAL ALLEGATIONS**

**A. State-Mandated Informed Consent Process in Arizona**

17. In response to the allegations contained in paragraph 17 of the Complaint, Defendant avers only that the Arizona law speaks for itself.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint and avers that the Arizona law speaks for itself.

19. In response to the allegations contained in paragraph 19 of the Complaint, Defendant avers only that the Arizona law speaks for itself.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint and avers that the Arizona law speaks for itself.

**B. Medical Facts About Abortion**

21. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same. Defendant affirmatively alleges that the 2013 ADHS Abortion Report places the figure at 72% and that the information for 2014 is not yet available.

25. Defendant admits that mifepristone/misoprostol is the most common protocol for medication abortion. Defendant affirmative alleges that state law prohibits the use of this protocol after seven weeks, but said law is currently stayed. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant admits that mifepristone blocks progesterone and that progesterone is important is maintaining pregnancy. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

**C. Facts About "Medication Abortion Reversal"**

33. Defendant admits that the Department has not yet posted on its website information about the reversal of a medication abortion, although the statute does not require posting such information until the law becomes effective. In response to the remaining allegations contained in paragraph 33 of the Complaint, Defendant avers that the Arizona law speaks for itself.

34. Defendant admits the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. Defendant admits paragraph 38 of the Complaint and affirmatively alleges that the protocol at issue is geared toward women who change their mind about abortion after taking mifepristone and before taking misoprostol.

39. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies the same.

40. Defendant admits that an Arizona physician testified before the Legislature during a hearing about the Act and that he provided additional testimony during the hearing regarding the abortion pill reversal procedure.

41. Defendant denies the allegations contained in paragraph 41 and affirmatively alleges that the protocol for reversing a medication abortion giving progesterone, a medication FDA-approved as safe for women, after mifepristone and before misoprostol has been administered. Defendant denies that the number of physicians willing to administer this protocol is small and affirmatively alleges that there are at least 290 physicians willing to perform this protocol.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies Paragraph 43 of the Complaint and affirmatively alleges that progesterone is approved for treatment of pregnant women in the dosage and at the stages of pregnancy at issue herein.

44.     Defendant admits that an ACOG group opposes the procedure and affirmatively alleges that there is support for the procedure as well. Defendant is without sufficient knowledge as to the truth of the remainder of the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45.     Defendant denies that there is no evidence that a medication abortion can be reversed. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 45 of the Complaint and therefore denies the same.

**D. Impact of the Act**

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint and avers that the Arizona law speaks for itself.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint and avers that the Arizona law speaks for itself.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint and avers that the Arizona law speaks for itself.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint and avers that the Arizona law speaks for itself.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint and avers that the Arizona law speaks for itself.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant is without sufficient knowledge as to the truth of the allegation that the majority of Plaintiffs' abortion patients receives a surgical abortion

and therefore denies the same. Defendant denies the remaining allegations contained in paragraph 53 of the Complaint and avers that the Arizona law speaks for itself.

54. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the same.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

## V. CLAIMS FOR RELIEF

### Count I – First Amendment Rights of Physicians

56. In answering the allegations contained in paragraph 56 of the Complaint, Defendant restates and incorporates herein her Answers to paragraphs 1 through 55 of the Complaint as is set forth fully herein.

57. Defendant denies the allegations contained in paragraph 55 of the Complaint.

### Count II – Fourteenth Amendment Rights of Patients

58. In answering the allegations contained in paragraph 58 of the Complaint, Defendant restates and incorporates herein her Answers to paragraphs 1 through 57 of the Complaint as is set forth fully herein.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

## VI. ANSWERING PLANTIFFS' REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## VII. AFFIRMATIVE DEFENSES

1. Jurisdiction over this action is not appropriate as to Plaintiffs' patients and physicians.

2. Plaintiffs' claims may be barred, in whole or in part, by lack of standing and/or lack of subject matter jurisdiction.

3. Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief may be granted.[2]

4. Plaintiffs have failed to join necessary parties and other parties who must or may be joined.

5. Plaintiffs' claims are not ripe.

6. Plaintiffs have not presented an actual case or controversy.

7. Plaintiffs and their patients have not suffered any injury in fact.

8. The actions of the Arizona Legislature are entitled to deference. Duly passed legislation is presumed to be constitutional, and where possible should be given a construction that avoids constitutional difficulty.

9. Plaintiffs are not entitled to declaratory or injunctive relief against the named Defendant.[3]

10. Plaintiffs may have failed to serve parties required by A.R.S. § 12-1841.

11. Defendant additionally alleges any other affirmative defenses that may come to light during discovery.

WHEREFORE, Defendant requests that the Court enter judgment against any or all Plaintiffs and in favor of Defendant on all claims of the Complaint, as follows:

1. Dismissing all claims of the Complaint with prejudice;

2. Denying the Plaintiffs any relief;

3. Awarding Defendant his taxable costs from the earliest date and from the highest rate allowed by law;

---

[2] Defendant has separately filed a partial motion to dismiss.

[3] Defendant has separately filed a partial motion to dismiss.

4. Awarding Defendant his reasonable attorneys' fees to the extent provided by law; and

5. Awarding Defendant any other and further relief that the Court deems just and proper.

DATED this 29th day of June, 2015.

MUELLER & DRURY, P.C.

By_____
Douglas V. Drury

A copy of the foregoing was mailed/*emailed this 29th day of June, 2015 to:

Diana Salgado
Planned Parenthood Federation of America
434 W 33rd St.
New York, NY 10001
Diana.salgado@ppfa.org
Attorney for Planned Parenthood Arizona, Inc.

Alice Clapman
Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Ste. 300
Washington, DC 20005
alice.clapman@ppfa.org
helene.krasnoff@ppfa.org
Attorneys for Planned Parenthood Arizona, Inc.

David Brown
Hillary Schneller
Center for Reproductive Rights
199 Water Street 22nd Floor
New York, NY 10038
dbrown@reprorights.org
hschneller@reprorights.org

Attorneys for Paul A. Isaacson, M.D.

Andrew Beck
Talcott Camp
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street 18th Floor
New York, NY  10004
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org
Attorneys for Eric Reuss, M.D., M.P.H.,
Desert Star Family Planning, LLC and
DeShawn Taylor, M.D.

Daniel Pochoda
Victoria Lopez
American Civil Liberties Union Foundation of Arizona
3707 N. 7th Street Ste. 235
Phoenix, AZ  85014
dpochoda@acluaz.org
vlopez@acluaz.org
Attorneys for Eric Reuss, M.D., M.P.H.
Paul A. Isaacson, M.D.; Desert Star Family Planning,
DeShawn Taylor, M.D.

By_____

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

Douglas V. Drury