MARK BRNOVICH
Attorney General
Firm Bar No. 14000

Kevin D. Ray (#007485)
Aubrey Joy Corcoran (#025423)
Assistant Attorneys General
Education and Health Section
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8328
Facsimile:  (602) 364-0700
Email: EducationHealth@azag.gov
*Attorneys for Mark Brnovich, Arizona Attorney General*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Planned Parenthood Arizona, Inc.; Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D., <br><br> Plaintiffs, <br> vs. <br><br> Mark Brnovich, Arizona Attorney General, in his official capacity; Cara M. Christ, Director of the Arizona Department of Health Services, in her official capacity; Patricia E. McSorley, Executive Director of the Arizona Medical Board, in her official capacity; Richard T. Perry, M.D., Medical Board Chair, in his official capacity; James Gillard, M.D., Medical Board Vice Chair, in his official capacity; Jodi A. Bain, Medical Board Member, in her official capacity; Marc D. Berg, M.D., Medical Board Member, in his official capacity; Donna Brister, Medical Board Member, in her official capacity; R. Screven Farmer, M.D., Medical Board Member, in his official capacity; Gary R. | Case No. 2:15-cv-01022-SPL <br><br> **MOTION TO DISMISS ARIZONA ATTORNEY GENERAL MARK BRNOVICH** <br><br> (Honorable Steven P. Logan) |

Figge, M.D. Medical Board Member, in his official capacity; Robert E. Fromm, M.D., Medical Board Member, in his official capacity; Paul S. Gerding, Medical Board Member, in his official capacity; Lois Krahn, M.D., Medical Board Member, in her official capacity; Edward G. Paul, M.D., Medical Board Member, in his official capacity; Wanda J. Salter, Medical Board Member, in her official capacity; Jenna Jones, Executive Director of the Arizona Board of Osteopathic Examiners in Medicine and Surgery, in her official capacity; Scott Steingard, D.O., Board of Osteopathic Examiners in Medicine and Surgery President, in his official capacity; Douglas Cunningham, D.O., Board of Osteopathic Examiners in Medicine and Surgery Vice President, in his official capacity; Gary Erbstoesser, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Jerry G. Landau, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Martin B. Reiss, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Lew Riggs, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Vas Sabeeh, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity,

Defendants.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Mark Brnovich, Arizona Attorney General, ("Attorney General Brnovich"), moves to be dismissed from this matter because Plaintiffs' Complaint for Injunctive and Declaratory Relief ("Complaint"), (Dkt. 1), fails to state a claim against Attorney General Brnovich upon which relief may be granted.  Attorney General Brnovich has no responsibility for enforcing A.R.S. § 36-

2

2153(A)(2)(h)-(i), the statutory sections being challenged in this case. Therefore, 42 U.S.C. § 1983 does not provide a vehicle by which Plaintiffs can bring their federal rights claims against him. Additionally, Plaintiffs have failed to properly assert any claims under 42 U.S.C. § 1983. While the Complaint references 42 U.S.C. § 1983 in paragraph one of the Preliminary Statement, no cause of action under 42 U.S.C. § 1983 is pled—nor is any relief sought under 42 U.S.C. § 1983 in the entire Complaint. Interestingly, the Plaintiffs do make a claim to attorneys' fees based on 42 U.S.C. § 1988 in the Request for Relief, but make no substantive claim under 42 U.S.C. § 1983 to base such a claim on. (Dkt 1 at 13.) Moreover, because Attorney General Brnovich does not enforce A.R.S. § 36-2153(A)(2)(h)-(i), Plaintiffs cannot properly bring their constitutional claims against him.

This Motion to Dismiss ("Motion") is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction.**

The Arizona legislature passed Senate Bill 1318 ("S.B. 1318"). S.B. 1318, 52nd Leg., 1st Reg. Sess. (Ariz. 2015) [hereinafter citations will be made to the relevant statutory sections amended by S.B. 1318]. With the exception of those provisions set forth in the Court's June 16, 2105 Temporary Restraining Order, (Dkt. 32), S.B. 1318 goes into effect on July 3, 2015.

In pertinent part, S.B. 1318 made additions to the informed-consent process for abortions. A.R.S. § 36-2153. Under the informed-consent process set forth in S.B. 1318, before an abortion is performed, a woman is informed "at least twenty-four hours before the abortion . . . that . . . [i]t may be possible to reverse the effects of a medication abortion if the woman changes her mind but that time is of the essence" and that "[i]nformation on and assistance with reversing the effects of a medication abortion is available on the Department of Health Services' website." A.R.S. § 36-2153(A)(2)(h)-(i). This information is provided

"orally and in person" by "the physician who is to perform the abortion, the referring physician or a qualified physician, physician assistant, nurse, psychologist or licensed behavioral health professional to whom the responsibility has been delegated by either physician." A.R.S. § 36-2153(A)(2). Additionally, S.B. 1318 states that "[t]he department of health services shall establish and shall annually update a website that includes," among other things, "[i]nformation on the potential ability of qualified medical professionals to reverse a medication abortion, including information directing women where to obtain further information and assistance in locating a medical professional who can aid in the reversal of a medication abortion." A.R.S. § 36-2153(C)(8).

## II.     Argument.

### A.     This Court Should Dismiss Attorney General Brnovich From This Matter Because Plaintiffs Have Failed to State a Claim Against Him Upon Which Relief May Be Granted.

In their Complaint, Plaintiffs bring their United States Constitution and 42 U.S.C. § 1983 claims against Attorney General Brnovich, solely in his official capacity, on the basis that he "has the authority to enforce the Act [A.R.S. §§ 36-2153(A)(2)(h), (i)]." (Dkt. 1 ¶ 11.) He does not. Plaintiffs specifically assert that Attorney General Brnovich is charged with bringing actions to (1) revoke a license or enjoin the operations of healthcare institutions, including abortion clinics; (2) recover civil penalties for healthcare institutions' violations of licensing obligations, and (3) enjoin physicians' practices of osteopathic medicine. (*Id.*) Plaintiffs are incorrect. Because Attorney General Brnovich is not responsible for enforcing A.R.S. §§ 36-2153(A)(2)(h), (i), he has no personal involvement in the alleged violation of Plaintiffs' federal rights. Accordingly, Plaintiffs' requested relief cannot be granted against Attorney General Brnovich as a matter of law. Attorney General Brnovich should be dismissed from this matter for failure to state a claim upon which relief may be granted.

1       Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for
2  failure to state a claim for which relief can be granted.  A motion to dismiss under Rule
3  12(b)(6) assumes that the factual allegations are true and tests the legal sufficiency of the
4  claims alleged in the complaint.  *See Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484
5  (9th Cir. 1995); *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).
6  Dismissal for failure to state a claim can be based "on either a 'lack of a cognizable legal
7  theory' *or* 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson*
8  *v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  "[F]or a complaint
9  to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable
10 inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to
11 relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*,
12 556 U.S. 662, 678 (2009)).  "To survive a motion to dismiss, a complaint must contain
13 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
14 face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570
15 (2007)).
16      Here, even accepting all of Plaintiffs' factual allegations as true, the Court cannot
17 grant their requested relief because, as a matter of law, Attorney General Brnovich is not
18 responsible for enforcing A.R.S. §§ 36-2153(A)(2)(h), (i).  Attorney General Brnovich has
19 only the authority conferred to him by Arizona's constitution and statutes.  *Yes on Prop 200*
20 *v. Napolitano*, 160 P.3d 1216, 1224, ¶ 19 (Ariz. App. 2007) ("[T]he responsibilities and
21 functions of the Attorney General come from the state constitution or statutes; the Attorney
22 General has no authority arising from the common law.").  Under A.R.S. § 41-192(A)(1), he
23 is "the legal advisor of the departments of this state and render[s] such legal services *as the*
24 *departments require*." (Emphasis added.)  "Absent clear statutory authority, the Attorney
25 General has no power to compel action on the part of state agencies." *Yes on Prop 200*, 160
26 P.3d at 1225, ¶ 25.

The statutes, rules, regulations, and standards pertaining to healthcare institutions are administered and enforced by the Arizona Department of Health Services (the "Department"). A.R.S. § 36-406. It is the director of the Department that has the authority to "adopt rules to establish minimum standards and requirements for the . . . licensure of health care institutions" and to "[p]rescribe standards for determining a health care institution's substantial compliance with licensure requirements." A.R.S. § 36-405. And, it is the director who may suspend or revoke a healthcare institution's license, A.R.S. § 36-427(A); assess civil penalties for violation of the statutes and rules governing healthcare institutions, A.R.S. § 36-431.01(A); and enjoin the operations of a healthcare institution, A.R.S. § 36-430. Similarly, it is the Board of Osteopathic Examiners in Medicine and Surgery (the "Osteopathic Board") that is responsible for enforcing licensure of osteopathic physicians and surgeons.[1] It is the Osteopathic Board that has the authority to "[p]rotect the public from unlawful, incompetent, unqualified, impaired and unprofessional practitioners of osteopathic medicine" and to "[i]ssue licenses, conduct hearings, place physicians on probation, revoke or suspend licenses, enter into stipulated orders, issue letters of concern or decrees of censure and administer and enforce [the] chapter." A.R.S. §§ 32-1803(A)(1), (2).[2]

The director of the Department may bring actions against healthcare institutions "in the name of the people of the state through the attorney general." A.R.S. §§ 36-429(B), 36-430, 36-431.01(E). Petitions to enjoin the practice of osteopathic medicine can be brought "in the name of the state by the [Osteopathic B]oard or *at the request* of the attorney general."

---

[1] Plaintiffs do not allege that Attorney General Brnovich has any authority to enjoin the practice of medicine by or otherwise take action against physicians licensed by the Arizona Medical Board.

[2] This statutory section has been amended by Senate Bill 1012 and will become effective on July 3, 2015. S.B. 1012, 52nd Leg., 1st Reg. Sess. (Ariz. 2015). The amendments are immaterial to this motion.

A.R.S. § 32-1857(C) (emphasis added).[3]  While these actions are brought through Attorney General Brnovich, this is done under his authority to render legal services.  A.R.S. § 41-192(A)(1).  He does not have independent authority to bring an action absent direction from the director or the Osteopathic Board.  *See Yes on Prop 200*, 160 P.3d at 1224-25, ¶¶ 19, 25.  "The Attorney General is the attorney for the agency, no more."  *Santa Rita Mining Co. v. Dep't of Prop. Valuation*, 530 P.2d 360, 363 (Ariz. 1975).  Attorney General Brnovich does not have the power to bring these actions against the wishes of his client.  *Id.; see also Williams v. State ex rel. Smith*, 408 P.2d 224, 227 (Ariz. App. 1965) (stating that the attorney general must be directed by the agency before proceeding upon a statutory cause of action).

Because Attorney General Brnovich is not responsible for enforcing A.R.S. §§ 36-2153(A)(2)(h), (i), he does not have any personal involvement in the alleged violations of Plaintiffs' federal rights.  Therefore, as a matter of law, Plaintiffs fail to state a claim against Attorney General Brnovich under 42 U.S.C. § 1983.

"[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).  But liability extends to only those state officials who "subject[ ], or cause[ ] to be subjected," an individual to a deprivation of his federal rights.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting 42 U.S.C. § 1983).

An individual's "liability under section 1983 is predicated on his 'integral participation' in the alleged violation."  *Blankenhorn v. City of Orange*, 485 F.3d 463, 481

---

[3] Additionally, under A.R.S. § 32-1857(A), there are only two bases on which the practice of osteopathic medicine can be enjoined: (1) if the person practicing osteopathic medicine is not licensed to do so or (2) if the physician's "continued practice will or may cause irreparable damage to the public health and safety."  It is unlikely that an osteopathic physician's failure to comply with A.R.S. §§ 36-2153(A)(2)(h) and (i) would form the basis for an injunction action.

n.12 (9th Cir. 2007) (quoting *Chuman v. Wright,* 76 F.3d 292, 294-95 (9th Cir.1996)). "Integral participation" requires "some fundamental involvement in the conduct that allegedly caused the violation." *Id.* Thus, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiffs have not alleged and cannot allege that Attorney General Brnovich, through his own individual actions, will violate their constitutional rights. Attorney General Brnovich has no authority to enforce A.R.S. §§ 36-2153(A)(2)(h), (i) and therefore has no power to "compel[ Plaintiffs] to tell their patients . . . a state-mandated message," (Dkt. 1 ¶ 57), or to "forc[e patients] to receive information from their physician" (*id.* ¶ 59). Plaintiffs' requested relief therefore cannot be granted against Attorney General Brnovich.

**B. Plaintiffs Fail to Properly Assert Claims Under 42 U.S.C. § 1983.**

In their Complaint, Plaintiffs make reference to 42 U.S.C. § 1983 only once, in paragraph one of their Preliminary Statement. (Dkt. 1 ¶ 1.) Plaintiffs do not allege any cause of action or seek any relief, other than attorneys' fees, based on 42 U.S.C. § 1983. (Dkt. 1 at 13.) Because Plaintiffs fail to properly raise any claims under 42 U.S.C. § 1983, Attorney General Brnovich is entitled to an Order dismissing Plaintiffs' failed 42 U.S.C. § 1983 claims.

**C. Plaintiffs Cannot Bring Their Constitutional Claims Against Attorney General Brnovich.**

As stated above, Attorney General Brnovich has no authority to enforce A.R.S. § 36-2153(A)(2)(h)-(i). Therefore, Plaintiffs can state no cause of action against him.

While A.R.S. § 12-1841 requires Plaintiffs to serve the Attorney General Brnovich with a copy of the pleading because is alleges that S.B. 1318 is unconstitutional, it does not

create a basis for them to name him as a party to the action. Instead, A.R.S. § 12-1841 creates a basis under which Attorney General Brnovich can *intervene* in this action. He is not an indispensable party. Further, A.R.S. § 12-1841(D) makes clear that he is not compelled to intervene as a party. And, A.R.S. § 12-1841 cannot be construed "to permit [Attorney General Brnovich] to be named as [a] defendant[] in a proceeding."

## III. Conclusion.

For the foregoing reasons, Attorney General Brnovich respectfully requests that this Court dismiss him from this action.

Dated this 29th day of June, 2015.

        MARK BRNOVICH
        Attorney General

        /s/ Aubrey Joy Corcoran
        Aubrey Joy Corcoran
        Kevin D. Ray

        Assistant Attorneys General
        *Attorneys for Mark Brnovich, Arizona Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmission to the following:

Lawrence Rosenfeld
Daniel B. Pasternak
Squire Patton Boggs (US) LLP
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
lawrence.rosenfeld@squirepb.com
daniel.pasternak@ squirepb.com

Diana Salgado
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY 10001
diana.salgado@ppfa.org

Alice Clapman
Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, D.C. 20005
alice.clapman@ppfa.org
helen.krasnoff@ppfa.org
*Attorneys for Planned Parenthood Arizona, Inc.*

David Brown
Hillary Schneller
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
dbrown@reprorights.org
hschneller@ reprorights.org
*Attorneys for Paul A. Isaacson, M D.*

Andrew Beck
Susan Talcott Camp
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org
*Attorneys for Eric Reuss, M.D., M.P.H;*
*Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Daniel Pochoda
Victoria Lopez
American Civil Liberties Union Foundation of Arizona
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
dpochoda@acluaz.org
vlopez@acluaz.org
*Attorneys for Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

John R. Tellier
Arizona Attorney General's Office
1275 W. Washington
Phoenix, AZ  85007
john.tellier@azag.gov
*Attorneys for Members of the Arizona State Medical Board and Members of the Board of Osteopathic Examiners in Medicine and Surgery*

Douglas V. Drury
Mueller & Drury, P.C.
8110 E Cactus Rd., Suite 100
Scottsdale, *AZ* 85260
dougdrury@muellerdrury.com
*Attorneys for Cara M. Christ, M.D.*

Kimberly A. Parker
Tiffany Payne
Skye Lynn Perryman
1875 Pennsylvania Ave, NW
Washington DC 20006
kimberly.parker@wilmerhale.com
tiffany.Payne@wilmerhale.com
skye.perryman@wilmerhale.com
*Attorneys for Amici Curiae American College of Obstetricians and Gynecologists, American Medical Association, and Arizona Medical Association*


By: /s/ Aubrey Joy Corcoran

#4508396-v2