Passed the House _March 23_, 20 _15_,

Passed the Senate _February 19_, 20 _15_

by the following vote: _33_ Ayes,

by the following vote: _17_ Ayes,

_24_ Nays, _3_ Not Voting

_12_ Nays, _1_ Not Voting

_____
Speaker of the House

_____
President of the Senate

_____
Chief Clerk of the House

_____
_Assistant_  Secretary of the Senate

**EXECUTIVE DEPARTMENT OF ARIZONA**
**OFFICE OF GOVERNOR**
This Bill was received by the Governor this

_____ day of _____, 20____,

at _____ o'clock _____ M.

_____
Secretary to the Governor

Approved this _____ day of

_____, 20____,

at _____ o'clock _____ M.

_____
Governor of Arizona

**EXECUTIVE DEPARTMENT OF ARIZONA**
**OFFICE OF SECRETARY OF STATE**

This Bill was received by the Secretary of State

this _____ day of _____, 20____,

at _____ o'clock _____ M.

_____
Secretary of State

**S.B. 1318**

CHRIST000067

**SENATE CONCURS IN HOUSE
AMENDMENTS AND FINAL PASSAGE**

Passed the Senate _March 25_, 20_15_

by the following vote: _18_ Ayes,

_11_ Nays, _1_ Not Voting

_____
President of the Senate

_____
Secretary of the Senate

**EXECUTIVE DEPARTMENT OF ARIZONA
OFFICE OF GOVERNOR**

This Bill received by the Governor this

_26th_ day of _March_, 20_15_

at _8:47_ o'clock _P._ M.

_____
Secretary to the Governor

Approved this _30th_ day of

_March_

at _2:20_ o'clock _P._ M.

_____
Governor of Arizona

**EXECUTIVE DEPARTMENT OF ARIZONA
OFFICE OF SECRETARY OF STATE**

This Bill received by the Secretary of State

this _31st_ day of _March_, 20_15_

at _10:00_ o'clock _A_ M.

S.B. 1318

_____
Secretary of State

CHRIST000068



**STATE OF ARIZONA**
**OFFICE OF THE GOVERNOR**

DOUGLAS A. DUCEY
GOVERNOR

EXECUTIVE OFFICE

March 30, 2015

The Honorable Michele Reagan
Secretary of State
1700 W. Washington, 7th Floor
Phoenix, AZ 85007

Dear Secretary Reagan:

I am transmitting to you the following bills from the Fifty-second Legislature, 1st Regular Session, which I signed on March 30, 2015:

S.B. 1007 – state plans; carbon dioxide emissions
S.B. 1073 – public records; redaction; former judges
S.B. 1078 – office of pest management
S.B. 1091 – homeowners' associations; removal; special meetings
S.B. 1146 – personalized classic car license plates
S.B. 1184 – municipal elections; ballot; disclosure
S.B. 1213 – physician assistants; licensure; renewal
S.B. 1240 – tobacco tax statutes; reorganization
S.B. 1298 – rules; counties; flood control districts
S.B. 1318 – abortion; health care exchange; licensure
S.B. 1335 – fire access roads; limitation; enforcement
S.B. 1449 – public monies; investment; pooled collateral
S.B. 1465 – distributed energy generation systems; disclosure
H.B. 2001 – income tax brackets; inflation index
H.B. 2010 – counties; protected development rights; extensions
H.B. 2085 – private investigators; security guards; regulation
H.B. 2086 – fingerprint clearance cards; omnibus
H.B. 2089 – aggravated assault; judicial officers
H.B. 2092 – military scholarship special plates
H.B. 2097 – loan originators; advance fee loans
H.B. 2110 – taxing district boundaries; deadline extensions
H.B. 2120 – cosmetology board; director; licensing renewal
H.B. 2164 – release; bailable offenses; evidence

CHRIST000069

The Honorable Michele Reagan
March 30, 2015
Page 2 of 2

H.B. 2168 – public agency pooling; unemployment insurance
H.B. 2169 – loan originator licensing
H.B. 2186 – county school superintendents; schools; libraries
H.B. 2212 – licensing; accountability; enforcement; exceeding regulation
H.B. 2214 – majority vote calculation; municipal vote elections
H.B. 2219 – state board of accountancy; continuation
H.B. 2272 – law enforcement officers; firearm purchase
H.B. 2302 – ADE; state and federal monies
H.B. 2304 – aggravated assault; simulated deadly weapon
H.B. 2311 – judgment liens; recordation; real property
H.B. 2312 – amusement gambling; merchandise prize value
H.B. 2317 – Arizona wines; labeling
H.B. 2322 – misbranded drugs; counterfeit marks; offense
H.B. 2323 – industrial development authority; projects
H.B. 2331 – workers' compensation; fraudulent claims; forfeiture
H.B. 2332 – accountable health plans; disclosure; repeal
H.B. 2342 – insurance; surplus lines; home state
H.B. 2345 – motorcycles; all-terrain vehicles; cycles; equipment
H.B. 2352 – credit for reinsurance; reduction; liability
H.B. 2362 – department of liquor licenses; continuation
H.B. 2393 – water settlement act; replenishment formula
H.B. 2396 – wildlife; guides; firearms
H.B. 2413 – internet representations; civil damages
H.B. 2522 – special plates; health sciences; hockey
H.B. 2525 – board of adjustment; appeals
H.B. 2527 – prohibited laws, rules, ordinances; firearms
H.B. 2530 – Arizona online instruction; credit; schools
H.B. 2538 – special districts; truth in taxation
H.B. 2550 – constables; training courses; deadline
H.B. 2605 – DHS; stroke care protocols

Sincerely,

Douglas A. Ducey
Governor
State of Arizona

cc:   Senate Secretary
      Chief Clerk of the House of Representatives
      Arizona News Service

House Engrossed Senate Bill

State of Arizona
Senate
Fifty-second Legislature
First Regular Session
2015

# SENATE BILL 1318

AN ACT

AMENDING SECTIONS 20-121, 36-404, 36-449.02 AND 36-2153, ARIZONA REVISED
STATUTES; RELATING TO ABORTION.

(TEXT OF BILL BEGINS ON NEXT PAGE)

- i -

CHRIST000071

March 25, 2015   4:15 pm

ARIZONA STATE SENATE
Fifty-second Legislature - First Regular Session

SB1318          abortion; health care exchange; licensure

Final Reading

AYES:        18
NAYS:        11
NOT VOTING:   1
EXCUSED:      0
VACANT:       0

PASSED

| | | | | | | |
|---|---|---|---|---|---|---|
| N | ABLESER | Y | DRIGGS | N | PANCRAZI |
| Y | ALLEN | N | FARLEY | NV | PIERCE |
| Y | BARTO | Y | FARNSWORTH D | N | QUEZADA |
| Y | BEGAY | Y | GRIFFIN | Y | SHOOTER |
| N | BRADLEY | N | HOBBS | Y | SMITH |
| Y | BURGES | Y | KAVANAGH | Y | WARD |
| N | CAJERO BEDFORD | Y | LESKO | Y | WORSLEY |
| N | CONTRERAS | N | MCGUIRE | Y | YARBROUGH |
| N | DALESSANDRO | N | MEZA | Y | YEE |
| Y | DIAL | Y | MIRANDA | Y | PRESIDENT BIGGS |

SB1318

CHRIST000072

# ARIZONA STATE SENATE

Fifty-second Legislature
First Regular Session

March 25, 2015

MR. SPEAKER:

I am directed by the Senate to inform the House that it has concurred in the House amendments to SENATE BILL 1318 and PASSED on Final Reading.

abortion; health care exchange; licensure

By the following vote:

AYES    18      NOES    11      NOT VOTING  1

Respectfully,

Charmion Billington            gr
Secretary of the Senate

CHRIST000073

# ARIZONA HOUSE OF REPRESENTATIVES

Fifty-second Legislature
First Regular Session

March 23, 2015

MR. PRESIDENT:

I am directed by the House to inform the Senate that it has PASSED SENATE BILL 1318.

AMENDED

abortion; health care exchange; licensure

By the following vote:

Ayes __33__      Nays ___24___      Not Voting ___3__

Respectfully,

Jim Drake_____ ss
Chief Clerk

CHRIST000074

March 23, 2015   4:25 pm

ARIZONA HOUSE OF REPRESENTATIVES
Fifty-second Legislature - First Regular Session

SB1318     abortion; health care exchange; licensure

Third Reading

| | | |
|---|---|---|
| AYES: | 33 |
| NAYS: | 24 |
| NOT VOTING: | 3 |
| EXCUSED: | 0 |
| VACANT: | 0 |

PASSED

AYES: 33

| | | | |
|---|---|---|---|
| ALLEN J | FANN | MESNARD | STEVENS |
| BARTON | FARNSWORTH E | MITCHELL | THORPE |
| BORRELLI | FINCHEM | MONTENEGRO | TOWNSEND |
| BOWERS | GRAY | NORGAARD | UGENTI |
| BOYER | KERN | OLSON | WENINGER |
| BROPHY MCGEE | LAWRENCE | PETERSEN | SPEAKER GOWAN |
| CAMPBELL | LEACH | RIVERO | |
| COBB | LIVINGSTON | ROBSON | |
| COLEMAN | LOVAS | SHOPE | |

NAYS: 24

| | | | |
|---|---|---|---|
| ACKERLEY | CLARK | HALE | RIOS |
| ALSTON | ESPINOZA | LARKIN | SALDATE |
| ANDRADE | FERNANDEZ | MACH | SHERWOOD |
| BENALLY | FRIESE | MCCUNE DAVIS | STEELE |
| BOLDING | GABALDÓN | MENDEZ | VELASQUEZ |
| CARDENAS | GONZALES | OTONDO | WHEELER |

NOT VOTING: 3

| | | |
|---|---|---|
| CARTER | MEYER | PRATT |

EXCUSED: 0

VACANT: 0

CHRIST000075

Senate Engrossed



State of Arizona
Senate
Fifty-second Legislature
First Regular Session
2015

# SENATE BILL 1318

AN ACT

AMENDING SECTIONS 20-121 AND 36-449.02, ARIZONA REVISED STATUTES; RELATING TO ABORTION.

(TEXT OF BILL BEGINS ON NEXT PAGE)



PASSED AS AMENDED



RETAINED ON THE CALENDAR

- i -



RETAINED ON THE CALENDAR

CHRIST000076

S.B. 1318

1    Be it enacted by the Legislature of the State of Arizona:
2         Section 1.  Section 20-121, Arizona Revised Statutes, is amended to
3    read:
4         20-121.  Health care exchange; abortion coverage; prohibition;
5                  exceptions
6         A.  Consistent with the provisions of the patient protection and
7    affordable care act (P.L. 111-148), any qualified health insurance policy,
8    contract or plan offered through any ~~state~~ health care exchange ~~established~~
9    OPERATING in this state shall not provide coverage for abortions ~~unless the~~
10   ~~coverage is offered as a separate optional rider for which an additional~~
11   ~~insurance premium is charged~~.
12        B.  Subsection A OF THIS SECTION does not apply to coverage for any
13   abortion ~~that is necessary to either~~:
14        1.  THAT IS NECESSARY TO save the life of the woman having the
15   abortion.
16        2.  THAT IS NECESSARY TO avert substantial and irreversible impairment
17   of a major bodily function of the woman having the abortion.
18        3.  WHEN THE PREGNANCY IS THE RESULT OF RAPE OR INCEST.
19        Sec. 2.  Section 36-449.02, Arizona Revised Statutes, is amended to
20   read:
21        36-449.02.  Abortion clinics; licensure requirements; rules;
22                    inspections; standing to intervene; legal counsel
23        A.  Beginning on April 1, 2000, an abortion clinic shall meet the same
24   licensure requirements as prescribed in article 2 of this chapter for health
25   care institutions.  ON INITIAL LICENSURE AND ANY SUBSEQUENT RENEWAL, AN
26   ABORTION CLINIC SHALL SUBMIT TO THE DIRECTOR ALL DOCUMENTATION REQUIRED BY
27   THIS ARTICLE, INCLUDING VERIFICATION THAT THE CLINIC'S PHYSICIANS WHO ARE
28   REQUIRED TO BE AVAILABLE HAVE ADMITTING PRIVILEGES AT A HEALTH CARE
29   INSTITUTION AS REQUIRED BY SECTION 36-449.03, SUBSECTION C, PARAGRAPH 3.
30        B.  An abortion clinic that holds an unclassified health care facility
31   license issued before August 6, 1999 may retain that classification until
32   April 1, 2000 subject to compliance with all laws that relate to unclassified
33   health care facilities.
34        C.  Beginning on April 1, 2000, abortion clinics shall comply with
35   department requirements for abortion clinics and department rules that govern
36   abortion clinics.
37        D.  If the director determines that there is reasonable cause to
38   believe an abortion clinic is not adhering to the licensing requirements of
39   this article or any other law or rule concerning abortion, the director and
40   any duly designated employee or agent of the director, including county
41   health representatives and county or municipal fire inspectors, consistent
42   with standard medical practices, may enter on and into the premises of the
43   abortion clinic that is licensed or required to be licensed pursuant to this
44   article during regular business hours of the abortion clinic to determine

CHRIST000077

S.B. 1318

1   compliance with this article, rules adopted pursuant to this article, local
2   fire ordinances or rules and any other law or rule relating to abortion.
3        E.  An application for licensure pursuant to this article constitutes
4   permission for, and complete acquiescence in, an entry or inspection of the
5   premises during the pendency of the application and, if licensed, during the
6   term of the license.
7        F.  If an inspection conducted pursuant to this section reveals that an
8   abortion clinic is not adhering to the licensing requirements prescribed
9   pursuant to this article or any other law or rule concerning abortion, the
10  director may take action authorized by this article.
11       G.  An abortion clinic whose license has been suspended or revoked
12  pursuant to this article or section 36-424 is subject to inspection on
13  application for relicensure or reinstatement of the license.
14       H.  In any proceeding in which the constitutionality, legality or
15  application of this section is challenged, the attorney general or any county
16  or city attorney who wishes to defend the law has the right to intervene as a
17  party and is deemed to have proper standing in the matter.  The only
18  objection that may be raised to a motion to intervene as of right pursuant to
19  this subsection is that the proposed intervenor does not have a good faith
20  intention to defend the law.  Any party or proposed intervenor may raise this
21  objection.  Notwithstanding section 41-192, the department may employ legal
22  counsel and make an expenditure or incur an indebtedness for legal services
23  for the purposes of defending this section.



- 2 -

CHRIST000078

March 23, 2015  4:25 pm

ARIZONA HOUSE OF REPRESENTATIVES
Fifty-second Legislature - First Regular Session

SB1318     abortion; health care exchange; licensure

Third Reading

```
            AYES:    33
            NAYS:    24
     NOT VOTING:     3
        EXCUSED:     0
         VACANT:     0
```

PASSED

AYES: 33

| | | | |
|---|---|---|---|
| ALLEN J | FANN | MESNARD | STEVENS |
| BARTON | FARNSWORTH E | MITCHELL | THORPE |
| BORRELLI | FINCHEM | MONTENEGRO | TOWNSEND |
| BOWERS | GRAY | NORGAARD | UGENTI |
| BOYER | KERN | OLSON | WENINGER |
| BROPHY MCGEE | LAWRENCE | PETERSEN | SPEAKER GOWAN |
| CAMPBELL | LEACH | RIVERO | |
| COBB | LIVINGSTON | ROBSON | |
| COLEMAN | LOVAS | SHOPE | |

NAYS: 24

| | | | |
|---|---|---|---|
| ACKERLEY | CLARK | HALE | RIOS |
| ALSTON | ESPINOZA | LARKIN | SALDATE |
| ANDRADE | FERNANDEZ | MACH | SHERWOOD |
| BENALLY | FRIESE | MCCUNE DAVIS | STEELE |
| BOLDING | GABALDÓN | MENDEZ | VELASQUEZ |
| CARDENAS | GONZALES | OTONDO | WHEELER |

NOT VOTING: 3

| | | |
|---|---|---|
| CARTER | MEYER | PRATT |

EXCUSED: 0

VACANT: 0

House Engrossed Senate Bill

State of Arizona
Senate
Fifty-second Legislature
First Regular Session
2015

# SENATE BILL 1318

AN ACT

AMENDING SECTIONS 20-121, 36-404, 36-449.02 AND 36-2153, ARIZONA REVISED
STATUTES; RELATING TO ABORTION.

(TEXT OF BILL BEGINS ON NEXT PAGE)

- i -

CHRIST000080

S.B. 1318

1   Be it enacted by the Legislature of the State of Arizona:
2         Section 1.  Section 20-121, Arizona Revised Statutes, is amended to
3   read:
4         20-121.  Health care exchange: abortion coverage: prohibition:
5                  exceptions
6         A.  Consistent with the provisions of the patient protection and
7   affordable care act (P.L. 111-148), any qualified health insurance policy,
8   contract or plan offered through any ~~state~~ health care exchange ~~established~~
9   OPERATING in this state shall not provide coverage for abortions ~~unless the~~
10  ~~coverage is offered as a separate optional rider for which an additional~~
11  ~~insurance premium is charged~~.
12        B.  Subsection A OF THIS SECTION does not apply to coverage for any
13  abortion ~~that is necessary to either~~:
14        1.  THAT IS NECESSARY TO save the life of the woman having the
15  abortion.
16        2.  THAT IS NECESSARY TO avert substantial and irreversible impairment
17  of a major bodily function of the woman having the abortion.
18        3.  WHEN THE PREGNANCY IS THE RESULT OF RAPE OR INCEST.
19        Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:
20        36-404.  Limitation of disclosure of information
21        A.  Information received and records kept by the department for the
22  purpose of administering this chapter are available to the public except:
23        1.  Information obtained for purposes of articles 4 and 5 of this
24  chapter.
25        2.  Personally identifiable medical information or any information from
26  which a patient or the patient's family might be identified.
27        3.  Sources of information that cause the department to believe that an
28  inspection of an institution is needed to determine the extent of compliance
29  with this chapter and rules adopted pursuant to this chapter.
30        4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED
31  AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT
32  TO SECTION 36-449.02.
33        B.  The department may release information listed under subsection A OF
34  THIS SECTION to an officer of the court pursuant to a court order, a
35  department or agency of this state or the federal government, a law
36  enforcement agency or a county medical examiner if the release of this
37  information is necessary and pertinent to an investigation or proceeding
38  unless the release of this information is prohibited by federal or state law.
39  The recipient shall maintain patient and source name confidentiality.
40        Sec. 3.  Section 36-449.02, Arizona Revised Statutes, is amended to
41  read:
42        36-449.02.  Abortion clinics: licensure requirements: rules:
43                    inspections: standing to intervene: legal counsel
44        A.  Beginning on April 1, 2000, an abortion clinic shall meet the same
45  licensure requirements as prescribed in article 2 of this chapter for health

- 1 -

S.B. 1318

1    care institutions. ON INITIAL LICENSURE AND ANY SUBSEQUENT RENEWAL, AN
2    ABORTION CLINIC SHALL SUBMIT TO THE DIRECTOR ALL DOCUMENTATION REQUIRED BY
3    THIS ARTICLE, INCLUDING VERIFICATION THAT THE CLINIC'S PHYSICIANS WHO ARE
4    REQUIRED TO BE AVAILABLE HAVE ADMITTING PRIVILEGES AT A HEALTH CARE
5    INSTITUTION AS REQUIRED BY SECTION 36-449.03, SUBSECTION C, PARAGRAPH 3.
6        B.   An abortion clinic that holds an unclassified health care facility
7    license issued before August 6, 1999 may retain that classification until
8    April 1, 2000 subject to compliance with all laws that relate to unclassified
9    health care facilities.
10       C.   Beginning on April 1, 2000, abortion clinics shall comply with
11    department requirements for abortion clinics and department rules that govern
12    abortion clinics.
13       D.   If the director determines that there is reasonable cause to
14    believe an abortion clinic is not adhering to the licensing requirements of
15    this article or any other law or rule concerning abortion, the director and
16    any duly designated employee or agent of the director, including county
17    health representatives and county or municipal fire inspectors, consistent
18    with standard medical practices, may enter on and into the premises of the
19    abortion clinic that is licensed or required to be licensed pursuant to this
20    article during regular business hours of the abortion clinic to determine
21    compliance with this article, rules adopted pursuant to this article, local
22    fire ordinances or rules and any other law or rule relating to abortion.
23       E.   An application for licensure pursuant to this article constitutes
24    permission for, and complete acquiescence in, an entry or inspection of the
25    premises during the pendency of the application and, if licensed, during the
26    term of the license.
27       F.   If an inspection conducted pursuant to this section reveals that an
28    abortion clinic is not adhering to the licensing requirements prescribed
29    pursuant to this article or any other law or rule concerning abortion, the
30    director may take action authorized by this article.
31       G.   An abortion clinic whose license has been suspended or revoked
32    pursuant to this article or section 36-424 is subject to inspection on
33    application for relicensure or reinstatement of the license.
34       H.   In any proceeding in which the constitutionality, legality or
35    application of this section is challenged, the attorney general or any county
36    or city attorney who wishes to defend the law has the right to intervene as a
37    party and is deemed to have proper standing in the matter. The only
38    objection that may be raised to a motion to intervene as of right pursuant to
39    this subsection is that the proposed intervenor does not have a good faith
40    intention to defend the law. Any party or proposed intervenor may raise this
41    objection. Notwithstanding section 41-192, the department may employ legal
42    counsel and make an expenditure or incur an indebtedness for legal services
43    for the purposes of defending this section.

CHRIST000082

S.B. 1318

Sec. 4.   Section 36-2153, Arizona Revised Statutes, is amended to read:
36-2153.   Informed consent; requirements; information; website; signs; violation; civil relief; statute of limitations

A.   An abortion shall not be performed or induced without the voluntary and informed consent of the woman on whom the abortion is to be performed or induced.   Except in the case of a medical emergency and in addition to the other requirements of this chapter, consent to an abortion is voluntary and informed only if all of the following are true:

1.   At least twenty-four hours before the abortion, the physician who is to perform the abortion or the referring physician has informed the woman, orally and in person, of:

(a)   The name of the physician who will perform the abortion.

(b)   The nature of the proposed procedure or treatment.

(c)   The immediate and long-term medical risks associated with the procedure that a reasonable patient would consider material to the decision of whether or not to undergo the abortion.

(d)   Alternatives to the procedure or treatment that a reasonable patient would consider material to the decision of whether or not to undergo the abortion.

(e)   The probable gestational age of the unborn child at the time the abortion is to be performed.

(f)   The probable anatomical and physiological characteristics of the unborn child at the time the abortion is to be performed.

(g)   The medical risks associated with carrying the child to term.

2.   At least twenty-four hours before the abortion, the physician who is to perform the abortion, the referring physician or a qualified physician, physician assistant, nurse, psychologist or licensed behavioral health professional to whom the responsibility has been delegated by either physician has informed the woman, orally and in person, that:

(a)   Medical assistance benefits may be available for prenatal care, childbirth and neonatal care.

(b)   The father of the unborn child is liable to assist in the support of the child, even if he has offered to pay for the abortion.   In the case of rape or incest, this information may be omitted.

(c)   Public and private agencies and services are available to assist the woman during her pregnancy and after the birth of her child if she chooses not to have an abortion, whether she chooses to keep the child or place the child for adoption.

(d)   It is unlawful for any person to coerce a woman to undergo an abortion.

(e)   The woman is free to withhold or withdraw her consent to the abortion at any time without affecting her right to future care or treatment and without the loss of any state or federally funded benefits to which she might otherwise be entitled.

- 3 -

CHRIST000083

S.B. 1318

1       (f)  The department of health services maintains a website that
2  describes the unborn child and lists the agencies that offer alternatives to
3  abortion.
4       (g)  The woman has a right to review the website and that a printed
5  copy of the materials on the website will be provided to her free of charge
6  if she chooses to review these materials.
7       (h)  IT MAY BE POSSIBLE TO REVERSE THE EFFECTS OF A MEDICATION ABORTION
8  IF THE WOMAN CHANGES HER MIND BUT THAT TIME IS OF THE ESSENCE.
9       (i)  INFORMATION ON AND ASSISTANCE WITH REVERSING THE EFFECTS OF A
10 MEDICATION ABORTION IS AVAILABLE ON THE DEPARTMENT OF HEALTH SERVICES'
11 WEBSITE.
12      3.  The information in paragraphs 1 and 2 of this subsection is
13 provided to the woman individually and in a private room to protect her
14 privacy and to ensure that the information focuses on her individual
15 circumstances and that she has adequate opportunity to ask questions.
16      4.  The woman certifies in writing before the abortion that the
17 information required to be provided pursuant to paragraphs 1 and 2 of this
18 subsection has been provided.
19      B.  If a medical emergency compels the performance of an abortion, the
20 physician shall inform the woman, before the abortion if possible, of the
21 medical indications supporting the physician's judgment that an abortion is
22 necessary to avert the woman's death or to avert substantial and irreversible
23 impairment of a major bodily function.
24      C.  The department of health services shall establish a~~ website within~~
25 ~~ninety days after the effective date of this amendment to this section~~ and
26 shall annually update ~~the~~ A website. ~~The website must include~~ THAT INCLUDES
27 a link to a printable version of all materials listed on the website. The
28 materials must be written in an easily understood manner and printed in a
29 typeface that is large enough to be clearly legible. The website must
30 include all of the following materials:
31      1.  Information that is organized geographically by location and that
32 is designed to inform the woman about public and private agencies and
33 services that are available to assist a woman through pregnancy, at
34 childbirth and while her child is dependent, including adoption agencies.
35 The materials shall include a comprehensive list of the agencies, a
36 description of the services they offer and the manner in which these agencies
37 may be contacted, including the agencies' telephone numbers and website
38 addresses.
39      2.  Information on the availability of medical assistance benefits for
40 prenatal care, childbirth and neonatal care.
41      3.  A statement that it is unlawful for any person to coerce a woman to
42 undergo an abortion.
43      4.  A statement that any physician who performs an abortion on a woman
44 without obtaining the woman's voluntary and informed consent or without

- 4 -

CHRIST000084

S.B. 1318

1   affording her a private medical consultation may be liable to the woman for
2   damages in a civil action.
3       5.  A statement that the father of a child is liable to assist in the
4   support of that child, even if the father has offered to pay for an abortion,
5   and that the law allows adoptive parents to pay costs of prenatal care,
6   childbirth and neonatal care.
7       6.  Information that is designed to inform the woman of the probable
8   anatomical and physiological characteristics of the unborn child at two-week
9   gestational increments from fertilization to full term, including pictures or
10  drawings representing the development of unborn children at two-week
11  gestational increments and any relevant information on the possibility of the
12  unborn child's survival. The pictures or drawings must contain the
13  dimensions of the unborn child and must be realistic and appropriate for each
14  stage of pregnancy. The information provided pursuant to this paragraph must
15  be objective, nonjudgmental and designed to convey only accurate scientific
16  information about the unborn child at the various gestational ages.
17      7.  Objective information that describes the methods of abortion
18  procedures commonly employed, the medical risks commonly associated with each
19  procedure, the possible detrimental psychological effects of abortion and the
20  medical risks commonly associated with carrying a child to term.
21      8.  INFORMATION ON THE POTENTIAL ABILITY OF QUALIFIED MEDICAL
22  PROFESSIONALS TO REVERSE A MEDICATION ABORTION, INCLUDING INFORMATION
23  DIRECTING WOMEN WHERE TO OBTAIN FURTHER INFORMATION AND ASSISTANCE IN
24  LOCATING A MEDICAL PROFESSIONAL WHO CAN AID IN THE REVERSAL OF A MEDICATION
25  ABORTION.
26      D.  An individual who is not a physician shall not perform a surgical
27  abortion.
28      E.  A person shall not write or communicate a prescription for a drug
29  or drugs to induce an abortion or require or obtain payment for a service
30  provided to a patient who has inquired about an abortion or scheduled an
31  abortion until the expiration of the twenty-four-hour reflection period
32  required by subsection A of this section.
33      F.  A person shall not intimidate or coerce in any way any person to
34  obtain an abortion.  A parent, a guardian or any other person shall not
35  coerce a minor to obtain an abortion.  If a minor is denied financial support
36  by the minor's parents, guardians or custodian due to the minor's refusal to
37  have an abortion performed, the minor is deemed emancipated for the purposes
38  of eligibility for public assistance benefits, except that the emancipated
39  minor may not use these benefits to obtain an abortion.
40      G.  An abortion clinic as defined in section 36-449.01 shall
41  conspicuously post signs that are visible to all who enter the abortion
42  clinic, that are clearly readable and that state it is unlawful for any
43  person to force a woman to have an abortion and a woman who is being forced
44  to have an abortion has the right to contact any local or state law
45  enforcement or social service agency to receive protection from any actual or

- 5 -

S.B. 1318

1  threatened physical, emotional or psychological abuse.  The signs shall be
2  posted in the waiting room, consultation rooms and procedure rooms.
3      H.  A person shall not require a woman to obtain an abortion as a
4  provision in a contract or as a condition of employment.
5      I.  A physician who knowingly violates this section commits an act of
6  unprofessional conduct and is subject to license suspension or revocation
7  pursuant to title 32, chapter 13 or 17.
8      J.  In addition to other remedies available under the common or
9  statutory law of this state, any of the following may file a civil action to
10  obtain appropriate relief for a violation of this section:
11      1.  A woman on whom an abortion has been performed without her informed
12  consent as required by this section.
13      2.  The father of the unborn child if married to the mother at the time
14  she received the abortion, unless the pregnancy resulted from the plaintiff's
15  criminal conduct.
16      3.  The maternal grandparents of the unborn child if the mother was not
17  at least eighteen years of age at the time of the abortion, unless the
18  pregnancy resulted from the plaintiff's criminal conduct.
19      K.  A civil action filed pursuant to subsection J of this section shall
20  be brought in the superior court in the county in which the woman on whom the
21  abortion was performed resides and may be based on a claim that failure to
22  obtain informed consent was a result of simple negligence, gross negligence,
23  wantonness, wilfulness, intention or any other legal standard of care.
24  Relief pursuant to subsection J of this section includes the following:
25      1.  Money damages for all psychological, emotional and physical
26  injuries resulting from the violation of this section.
27      2.  Statutory damages in an amount equal to five thousand dollars or
28  three times the cost of the abortion, whichever is greater.
29      3.  Reasonable attorney fees and costs.
30      L.  A civil action brought pursuant to this section must be initiated
31  within six years after the violation occurred.



- 6 -

CHRIST000086

# ARIZONA HOUSE OF REPRESENTATIVES

## Committee Report

March 11, 2015

MR. SPEAKER:

Your COMMITTEE ON FEDERALISM AND STATES' RIGHTS has had under consideration

SENATE BILL 1318 and respectfully recommends:

it be amended as follows:

(SEE ATTACHED)

and, as so amended it do pass

LCS

KELLY TOWNSEND, Chairman
NOEL W. CAMPBELL, Vice-Chairman

PASSED

Fifty-second Legislature
First Regular Session

COMMITTEE ON FEDERALISM AND STATES' RIGHTS

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1    Page 2, after line 23, insert:

2        "Sec. 3.  Section 36-2153, Arizona Revised Statutes, is amended to

3    read:

4        36-2153.  Informed consent; requirements; information; website;

5                  signs;  violation;  civil  relief;  statute  of

6                  limitations

7        A.  An abortion shall not be performed or induced without the voluntary

8    and informed consent of the woman on whom the abortion is to be performed or

9    induced.  Except in the case of a medical emergency and in addition to the

10   other requirements of this chapter, consent to an abortion is voluntary and

11   informed only if all of the following are true:

12       1.  At least twenty-four hours before the abortion, the physician who

13   is to perform the abortion or the referring physician has informed the woman,

14   orally and in person, of:

15       (a)  The name of the physician who will perform the abortion.

16       (b)  The nature of the proposed procedure or treatment.

17       (c)  The immediate and long-term medical risks associated with the

18   procedure that a reasonable patient would consider material to the decision

19   of whether or not to undergo the abortion.

20       (d)  Alternatives to the procedure or treatment that a reasonable

21   patient would consider material to the decision of whether or not to undergo

22   the abortion.

23       (e)  The probable gestational age of the unborn child at the time the

24   abortion is to be performed.

25       (f)  The probable anatomical and physiological characteristics of the

26   unborn child at the time the abortion is to be performed.

CHRIST000088

House Amendments to S.B. 1318

1        (g)   The medical risks associated with carrying the child to term.

2        2.  At least twenty-four hours before the abortion, the physician who

3  is to perform the abortion, the referring physician or a qualified physician,

4  physician assistant, nurse, psychologist or licensed behavioral health

5  professional to whom the responsibility has been delegated by either

6  physician has informed the woman, orally and in person, that:

7        (a)  Medical assistance benefits may be available for prenatal care,

8  childbirth and neonatal care.

9        (b)  The father of the unborn child is liable to assist in the support

10  of the child, even if he has offered to pay for the abortion.  In the case of

11  rape or incest, this information may be omitted.

12        (c)  Public and private agencies and services are available to assist

13  the woman during her pregnancy and after the birth of her child if she

14  chooses not to have an abortion, whether she chooses to keep the child or

15  place the child for adoption.

16        (d)  It is unlawful for any person to coerce a woman to undergo an

17  abortion.

18        (e)  The woman is free to withhold or withdraw her consent to the

19  abortion at any time without affecting her right to future care or treatment

20  and without the loss of any state or federally funded benefits to which she

21  might otherwise be entitled.

22        (f)  The department of health services maintains a website that

23  describes the unborn child and lists the agencies that offer alternatives to

24  abortion.

25        (g)  The woman has a right to review the website and that a printed

26  copy of the materials on the website will be provided to her free of charge

27  if she chooses to review these materials.

28        (h)  IT MAY BE POSSIBLE TO REVERSE THE EFFECTS OF A MEDICATION ABORTION

29  IF THE WOMAN CHANGES HER MIND BUT THAT TIME IS OF THE ESSENCE.

30        (i)  INFORMATION ON AND ASSISTANCE WITH REVERSING THE EFFECTS OF A

31  MEDICATION ABORTION IS AVAILABLE ON THE DEPARTMENT OF HEALTH SERVICES'

32  WEBSITE.

CHRIST000089

House Amendments to S.B. 1318

1          3.  The information in paragraphs 1 and 2 of this subsection is
2    provided to the woman individually and in a private room to protect her
3    privacy and to ensure that the information focuses on her individual
4    circumstances and that she has adequate opportunity to ask questions.

5          4.  The woman certifies in writing before the abortion that the
6    information required to be provided pursuant to paragraphs 1 and 2 of this
7    subsection has been provided.

8          B.  If a medical emergency compels the performance of an abortion, the
9    physician shall inform the woman, before the abortion if possible, of the
10    medical indications supporting the physician's judgment that an abortion is
11    necessary to avert the woman's death or to avert substantial and irreversible
12    impairment of a major bodily function.

13          C.  The department of health services shall establish ~~a website within~~
14    ~~ninety days after the effective date of this amendment to this section~~ and
15    shall annually update ~~the~~ A website~~.  The website must include~~ THAT INCLUDES
16    a link to a printable version of all materials listed on the website.  The
17    materials must be written in an easily understood manner and printed in a
18    typeface that is large enough to be clearly legible.  The website must
19    include all of the following materials:

20          1.  Information that is organized geographically by location and that
21    is designed to inform the woman about public and private agencies and
22    services that are available to assist a woman through pregnancy, at
23    childbirth and while her child is dependent, including adoption agencies.
24    The materials shall include a comprehensive list of the agencies, a
25    description of the services they offer and the manner in which these agencies
26    may be contacted, including the agencies' telephone numbers and website
27    addresses.

28          2.  Information on the availability of medical assistance benefits for
29    prenatal care, childbirth and neonatal care.

30          3.  A statement that it is unlawful for any person to coerce a woman to
31    undergo an abortion.

CHRIST000090

House Amendments to S.B. 1318

1    4. A statement that any physician who performs an abortion on a woman
2    without obtaining the woman's voluntary and informed consent or without
3    affording her a private medical consultation may be liable to the woman for
4    damages in a civil action.

5    5. A statement that the father of a child is liable to assist in the
6    support of that child, even if the father has offered to pay for an abortion,
7    and that the law allows adoptive parents to pay costs of prenatal care,
8    childbirth and neonatal care.

9    6. Information that is designed to inform the woman of the probable
10   anatomical and physiological characteristics of the unborn child at two-week
11   gestational increments from fertilization to full term, including pictures or
12   drawings representing the development of unborn children at two-week
13   gestational increments and any relevant information on the possibility of the
14   unborn child's survival. The pictures or drawings must contain the
15   dimensions of the unborn child and must be realistic and appropriate for each
16   stage of pregnancy. The information provided pursuant to this paragraph must
17   be objective, nonjudgmental and designed to convey only accurate scientific
18   information about the unborn child at the various gestational ages.

19   7. Objective information that describes the methods of abortion
20   procedures commonly employed, the medical risks commonly associated with each
21   procedure, the possible detrimental psychological effects of abortion and the
22   medical risks commonly associated with carrying a child to term.

23   8. INFORMATION ON THE POTENTIAL ABILITY OF QUALIFIED MEDICAL
24   PROFESSIONALS TO REVERSE A MEDICATION ABORTION, INCLUDING INFORMATION
25   DIRECTING WOMEN WHERE TO OBTAIN FURTHER INFORMATION AND ASSISTANCE IN
26   LOCATING A MEDICAL PROFESSIONAL WHO CAN AID IN THE REVERSAL OF A MEDICATION
27   ABORTION.

28   D. An individual who is not a physician shall not perform a surgical
29   abortion.

30   E. A person shall not write or communicate a prescription for a drug
31   or drugs to induce an abortion or require or obtain payment for a service
32   provided to a patient who has inquired about an abortion or scheduled an

-4-

CHRIST000091

House Amendments to S.B. 1318

1     abortion until the expiration of the twenty-four-hour reflection period
2     required by subsection A of this section.

3         F. A person shall not intimidate or coerce in any way any person to
4     obtain an abortion. A parent, a guardian or any other person shall not
5     coerce a minor to obtain an abortion. If a minor is denied financial support
6     by the minor's parents, guardians or custodian due to the minor's refusal to
7     have an abortion performed, the minor is deemed emancipated for the purposes
8     of eligibility for public assistance benefits, except that the emancipated
9     minor may not use these benefits to obtain an abortion.

10        G. An abortion clinic as defined in section 36-449.01 shall
11     conspicuously post signs that are visible to all who enter the abortion
12     clinic, that are clearly readable and that state it is unlawful for any
13     person to force a woman to have an abortion and a woman who is being forced
14     to have an abortion has the right to contact any local or state law
15     enforcement or social service agency to receive protection from any actual or
16     threatened physical, emotional or psychological abuse. The signs shall be
17     posted in the waiting room, consultation rooms and procedure rooms.

18        H. A person shall not require a woman to obtain an abortion as a
19     provision in a contract or as a condition of employment.

20        I. A physician who knowingly violates this section commits an act of
21     unprofessional conduct and is subject to license suspension or revocation
22     pursuant to title 32, chapter 13 or 17.

23        J. In addition to other remedies available under the common or
24     statutory law of this state, any of the following may file a civil action to
25     obtain appropriate relief for a violation of this section:

26        1. A woman on whom an abortion has been performed without her informed
27     consent as required by this section.

28        2. The father of the unborn child if married to the mother at the time
29     she received the abortion, unless the pregnancy resulted from the plaintiff's
30     criminal conduct.

CHRIST000092

House Amendments to S.B. 1318

1        3.  The maternal grandparents of the unborn child if the mother was not

2      at least eighteen years of age at the time of the abortion, unless the

3      pregnancy resulted from the plaintiff's criminal conduct.

4        K.  A civil action filed pursuant to subsection J of this section shall

5      be brought in the superior court in the county in which the woman on whom the

6      abortion was performed resides and may be based on a claim that failure to

7      obtain informed consent was a result of simple negligence, gross negligence,

8      wantonness, wilfulness, intention or any other legal standard of care.

9      Relief pursuant to subsection J of this section includes the following:

10        1.  Money damages for all psychological, emotional and physical

11     injuries resulting from the violation of this section.

12        2.  Statutory damages in an amount equal to five thousand dollars or

13     three times the cost of the abortion, whichever is greater.

14        3.  Reasonable attorney fees and costs.

15        L.  A civil action brought pursuant to this section must be initiated

16     within six years after the violation occurred."

17  Amend title to conform

and, as so amended, it do pass

                       KELLY TOWNSEND
                       Chairman

1318-fsr
3/11/15
H:laa

1318kt
03/04/2015
11:19 AM
C: mjh

CHRIST000093

# RULES COMMITTEE REPORT

## ARIZONA HOUSE OF REPRESENTATIVES
### Fifty-second Legislature – First Regular Session

### March 16, 2015

Mr. Speaker:

Your Committee on Rules reports that it has had under consideration

### SENATE BILL 1318

and respectfully recommends that in the opinion of this Committee the bill is constitutional and in proper form.

DAVID STEVENS, Chairman
STEVE MONTENEGRO, Vice-Chairman

jb

CHRIST000094

## HOUSE FLOOR AMENDMENT EXPLANATION



Bill Number: **SB 1318**

Steele          Floor Amendment

SB 1318 prohibits any health care plan offered through any health care exchange operating in this state from providing coverage for abortions with limited exception, requires documentation from abortion clinics regarding admitting privileges be submitted to the Director of the Arizona Department of Health Services (ADHS), and requires physicians to inform patients they may reverse the effects of a medical abortion.

Your 2-page floor amendment makes the following changes:

- Adds personally identifiable information of a physician that is received by ADHS and any records kept regarding the physician's admitting privileges to the public record exception.
- Makes a technical change.

Amendment explanation prepared by Jennifer Harris
Phone Number 6-5848
lcs
3/20/2015

**NOT OFFERED**

CHRIST000095

Fifty-second Legislature                                           Steele
First Regular Session                                          S.B. 1318

STEELE FLOOR AMENDMENT
HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318
(Reference to Senate engrossed bill)

1 Page 1, between lines 18 and 19, insert:

2          "Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:

3          36-404.  Limitation of disclosure of information

4          A.  Information received and records kept by the department for the

5 purpose of administering this chapter are available to the public except:

6          1.  Information obtained for purposes of articles 4 and 5 of this

7 chapter.

8          2.  Personally identifiable medical information or any information from

9 which a patient or the patient's family might be identified.

10          3.  Sources of information that cause the department to believe that an

11 inspection of an institution is needed to determine the extent of compliance

12 with this chapter and rules adopted pursuant to this chapter.

13          4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14 AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15 TO SECTION 36-449.02.

16          B.  The department may release information listed under subsection A OF

17 THIS SECTION to an officer of the court pursuant to a court order, a

18 department or agency of this state or the federal government, a law

19 enforcement agency or a county medical examiner if the release of this

20 information is necessary and pertinent to an investigation or proceeding

21 unless the release of this information is prohibited by federal or state

22 law.  The recipient shall maintain patient and source name confidentiality."

23 Renumber to conform

24 Amend title to conform

VICTORIA STEELE

1318-fl-steele    1318dm
3/20/15           03/17/2015
11:35 AM          10:16 AM
H:laa             C: mjh

NOT OFFERED

CHRIST000096

## HOUSE FLOOR AMENDMENT EXPLANATION



Bill Number: **SB 1318**

Cobb                    Floor Amendment

SB 1318 prohibits any health care plan offered through any health care exchange operating in this state from providing coverage for abortions with limited exception, requires documentation from abortion clinics regarding admitting privileges be submitted to the Director of the Arizona Department of Health Services (ADHS), and requires physicians to inform patients they may reverse the effects of a medical abortion.

Your 2-page floor amendment makes the following changes:
• Adds personally identifiable information of a physician that is received by ADHS and any records kept regarding the physician's admitting privileges to the public record exception.
• Makes a technical change.

Amendment explanation prepared by Justin Riches
Phone Number 6-5848
lcs
3/20/2015

NOT OFFERED

Fifty-second Legislature                                                     Cobb
First Regular Session                                                    S.B. 1318

COBB FLOOR AMENDMENT

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1   Page 1, between lines 18 and 19, insert:

2          "Sec. 2.   Section 36-404, Arizona Revised Statutes, is amended to read:

3          36-404.   Limitation of disclosure of information

4          A.   Information received and records kept by the department for the

5   purpose of administering this chapter are available to the public except:

6          1.   Information obtained for purposes of articles 4 and 5 of this

7   chapter.

8          2.   Personally identifiable medical information or any information from

9   which a patient or the patient's family might be identified.

10         3.   Sources of information that cause the department to believe that an

11   inspection of an institution is needed to determine the extent of compliance

12   with this chapter and rules adopted pursuant to this chapter.

13         4.   PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14   AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15   TO SECTION 36-449.02.

16         B.   The department may release information listed under subsection A OF

17   THIS SECTION to an officer of the court pursuant to a court order, a

18   department or agency of this state or the federal government, a law

19   enforcement agency or a county medical examiner if the release of this

20   information is necessary and pertinent to an investigation or proceeding

21   unless the release of this information is prohibited by federal or state

22   law.   The recipient shall maintain patient and source name confidentiality."

23

**NOT OFFERED**

CHRIST000098

House Amendments to S.B. 1318

1    Renumber to conform

2    Amend title to conform

_____

REGINA COBB

1318-f1-cobb
3/20/15
3:40 PM
H:ajs

1318dm
03/17/2015
10:16 AM
C: mjh

CHRIST000099

# HOUSE FLOOR AMENDMENT EXPLANATION



Bill Number: **SB 1318**

_____

Mitchell          Floor Amendment

SB 1318 prohibits any health care plan offered through any health care exchange operating in this state from providing coverage for abortions with limited exception, requires documentation from abortion clinics regarding admitting privileges be submitted to the Director of the Arizona Department of Health Services (ADHS), and requires physicians to inform patients they may reverse the effects of a medical abortion.

Your 2-page floor amendment makes the following changes:

- Adds personally identifiable information of a physician that is received by ADHS and any records kept regarding the physician's admitting privileges to the public record exception.
- Makes a technical change.

Amendment explanation prepared by Justin Riches
Phone Number 6029265507
lcs
3/17/2015

PASSED

Fifty-second Legislature                                                    Mitchell
First Regular Session                                                       S.B. 1318

MITCHELL FLOOR AMENDMENT

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1  Page 1, between lines 18 and 19, insert:

2      "Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:

3      36-404.  Limitation of disclosure of information

4      A.  Information received and records kept by the department for the

5  purpose of administering this chapter are available to the public except:

6      1.  Information obtained for purposes of articles 4 and 5 of this

7  chapter.

8      2.  Personally identifiable medical information or any information from

9  which a patient or the patient's family might be identified.

10     3.  Sources of information that cause the department to believe that an

11 inspection of an institution is needed to determine the extent of compliance

12 with this chapter and rules adopted pursuant to this chapter.

13     4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14 AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15 TO SECTION 36-449.02.

16     B.  The department may release information listed under subsection A OF

17 THIS SECTION to an officer of the court pursuant to a court order, a

18 department or agency of this state or the federal government, a law

19 enforcement agency or a county medical examiner if the release of this

PASSED

CHRIST000101

House Amendments to S.B. 1318

1      information is necessary and pertinent to an investigation or proceeding

2      unless the release of this information is prohibited by federal or state

3      law.  The recipient shall maintain patient and source name confidentiality."

4  Renumber to conform

5  Amend title to conform


DARIN MITCHELL


1318dm
03/17/2015
10:16 AM
C: mjh

- 2 -

CHRIST000102

Fifty-second Legislature
First Regular Session

COMMITTEE ON FEDERALISM AND STATES' RIGHTS

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1    Page 2, after line 23, insert:

2            "Sec. 3.  Section 36-2153, Arizona Revised Statutes, is amended to

3        read:

4            36-2153.  Informed consent; requirements; information; website;

5                      signs;  violation;  civil  relief;  statute  of

6                      limitations

7            A.  An abortion shall not be performed or induced without the voluntary

8        and informed consent of the woman on whom the abortion is to be performed or

9        induced.  Except in the case of a medical emergency and in addition to the

10       other requirements of this chapter, consent to an abortion is voluntary and

11       informed only if all of the following are true:

12           1.  At least twenty-four hours before the abortion, the physician who

13       is to perform the abortion or the referring physician has informed the woman,

14       orally and in person, of:

15           (a)  The name of the physician who will perform the abortion.

16           (b)  The nature of the proposed procedure or treatment.

17           (c)  The immediate and long-term medical risks associated with the

18       procedure that a reasonable patient would consider material to the decision

19       of whether or not to undergo the abortion.

20           (d)  Alternatives to the procedure or treatment that a reasonable

21       patient would consider material to the decision of whether or not to undergo

22       the abortion.

23           (e)  The probable gestational age of the unborn child at the time the

24       abortion is to be performed.

25           (f)  The probable anatomical and physiological characteristics of the

26       unborn child at the time the abortion is to be performed.

House Amendments to S.B. 1318

1      (g)   The medical risks associated with carrying the child to term.

2      2.   At least twenty-four hours before the abortion, the physician who

3  is to perform the abortion, the referring physician or a qualified physician,

4  physician assistant, nurse, psychologist or licensed behavioral health

5  professional to whom the responsibility has been delegated by either

6  physician has informed the woman, orally and in person, that:

7      (a)   Medical assistance benefits may be available for prenatal care,

8  childbirth and neonatal care.

9      (b)   The father of the unborn child is liable to assist in the support

10  of the child, even if he has offered to pay for the abortion.  In the case of

11  rape or incest, this information may be omitted.

12      (c)   Public and private agencies and services are available to assist

13  the woman during her pregnancy and after the birth of her child if she

14  chooses not to have an abortion, whether she chooses to keep the child or

15  place the child for adoption.

16      (d)   It is unlawful for any person to coerce a woman to undergo an

17  abortion.

18      (e)   The woman is free to withhold or withdraw her consent to the

19  abortion at any time without affecting her right to future care or treatment

20  and without the loss of any state or federally funded benefits to which she

21  might otherwise be entitled.

22      (f)   The department of health services maintains a website that

23  describes the unborn child and lists the agencies that offer alternatives to

24  abortion.

25      (g)   The woman has a right to review the website and that a printed

26  copy of the materials on the website will be provided to her free of charge

27  if she chooses to review these materials.

28      (h)   IT MAY BE POSSIBLE TO REVERSE THE EFFECTS OF A MEDICATION ABORTION

29  IF THE WOMAN CHANGES HER MIND BUT THAT TIME IS OF THE ESSENCE.

30      (i)   INFORMATION ON AND ASSISTANCE WITH REVERSING THE EFFECTS OF A

31  MEDICATION ABORTION IS AVAILABLE ON THE DEPARTMENT OF HEALTH SERVICES'

32  WEBSITE.

CHRIST000104

House Amendments to S.B. 1318

1        3. The information in paragraphs 1 and 2 of this subsection is
2    provided to the woman individually and in a private room to protect her
3    privacy and to ensure that the information focuses on her individual
4    circumstances and that she has adequate opportunity to ask questions.

5        4. The woman certifies in writing before the abortion that the
6    information required to be provided pursuant to paragraphs 1 and 2 of this
7    subsection has been provided.

8        B. If a medical emergency compels the performance of an abortion, the
9    physician shall inform the woman, before the abortion if possible, of the
10    medical indications supporting the physician's judgment that an abortion is
11    necessary to avert the woman's death or to avert substantial and irreversible
12    impairment of a major bodily function.

13        C. The department of health services shall establish ~~a website within~~
14    ~~ninety days after the effective date of this amendment to this section~~ and
15    shall annually update ~~the~~ A website. ~~The website must include~~ THAT INCLUDES
5    a link to a printable version of all materials listed on the website.  The
17    materials must be written in an easily understood manner and printed in a
18    typeface that is large enough to be clearly legible. The website must
19    include all of the following materials:

20        1. Information that is organized geographically by location and that
21    is designed to inform the woman about public and private agencies and
22    services that are available to assist a woman through pregnancy, at
23    childbirth and while her child is dependent, including adoption agencies.
24    The materials shall include a comprehensive list of the agencies, a
25    description of the services they offer and the manner in which these agencies
26    may be contacted, including the agencies' telephone numbers and website
27    addresses.

28        2. Information on the availability of medical assistance benefits for
29    prenatal care, childbirth and neonatal care.

30        3. A statement that it is unlawful for any person to coerce a woman to
31    undergo an abortion.

CHRIST000105

House Amendments to S.B. 1318

1      4.  A statement that any physician who performs an abortion on a woman
2    without obtaining the woman's voluntary and informed consent or without
3    affording her a private medical consultation may be liable to the woman for
4    damages in a civil action.

5      5.  A statement that the father of a child is liable to assist in the
6    support of that child, even if the father has offered to pay for an abortion,
7    and that the law allows adoptive parents to pay costs of prenatal care,
8    childbirth and neonatal care.

9      6.  Information that is designed to inform the woman of the probable
10   anatomical and physiological characteristics of the unborn child at two-week
11   gestational increments from fertilization to full term, including pictures or
12   drawings representing the development of unborn children at two-week
13   gestational increments and any relevant information on the possibility of the
14   unborn child's survival. The pictures or drawings must contain the
15   dimensions of the unborn child and must be realistic and appropriate for each
16   stage of pregnancy. The information provided pursuant to this paragraph must
17   be objective, nonjudgmental and designed to convey only accurate scientific
18   information about the unborn child at the various gestational ages.

19     7.  Objective information that describes the methods of abortion
20   procedures commonly employed, the medical risks commonly associated with each
21   procedure, the possible detrimental psychological effects of abortion and the
22   medical risks commonly associated with carrying a child to term.

23     8.  INFORMATION ON THE POTENTIAL ABILITY OF QUALIFIED MEDICAL
24   PROFESSIONALS TO REVERSE A MEDICATION ABORTION, INCLUDING INFORMATION
25   DIRECTING WOMEN WHERE TO OBTAIN FURTHER INFORMATION AND ASSISTANCE IN
26   LOCATING A MEDICAL PROFESSIONAL WHO CAN AID IN THE REVERSAL OF A MEDICATION
27   ABORTION.

28     D.  An individual who is not a physician shall not perform a surgical
29   abortion.

30     E.  A person shall not write or communicate a prescription for a drug
31   or drugs to induce an abortion or require or obtain payment for a service
32   provided to a patient who has inquired about an abortion or scheduled an

CHRIST000106

House Amendments to S.B. 1318

1    abortion until the expiration of the twenty-four-hour reflection period
2    required by subsection A of this section.

3         F.  A person shall not intimidate or coerce in any way any person to
4    obtain an abortion.   A parent, a guardian or any other person shall not
5    coerce a minor to obtain an abortion.  If a minor is denied financial support
6    by the minor's parents, guardians or custodian due to the minor's refusal to
7    have an abortion performed, the minor is deemed emancipated for the purposes
8    of eligibility for public assistance benefits, except that the emancipated
9    minor may not use these benefits to obtain an abortion.

10        G.  An abortion clinic as defined in section 36-449.01 shall
11   conspicuously post signs that are visible to all who enter the abortion
12   clinic, that are clearly readable and that state it is unlawful for any
13   person to force a woman to have an abortion and a woman who is being forced
14   to have an abortion has the right to contact any local or state law
15   enforcement or social service agency to receive protection from any actual or
16   threatened physical, emotional or psychological abuse.  The signs shall be
17   posted in the waiting room, consultation rooms and procedure rooms.

18        H.  A person shall not require a woman to obtain an abortion as a
19   provision in a contract or as a condition of employment.

20        I.  A physician who knowingly violates this section commits an act of
21   unprofessional conduct and is subject to license suspension or revocation
22   pursuant to title 32, chapter 13 or 17.

23        J.  In addition to other remedies available under the common or
24   statutory law of this state, any of the following may file a civil action to
25   obtain appropriate relief for a violation of this section:

26        1.  A woman on whom an abortion has been performed without her informed
27   consent as required by this section.

28        2.  The father of the unborn child if married to the mother at the time
29   she received the abortion, unless the pregnancy resulted from the plaintiff's
30   criminal conduct.

CHRIST000107

House Amendments to S.B. 1318

1        3.  The maternal grandparents of the unborn child if the mother was not

2        at least eighteen years of age at the time of the abortion, unless the

3        pregnancy resulted from the plaintiff's criminal conduct.

4        K.  A civil action filed pursuant to subsection J of this section shall

5        be brought in the superior court in the county in which the woman on whom the

6        abortion was performed resides and may be based on a claim that failure to

7        obtain informed consent was a result of simple negligence, gross negligence,

8        wantonness, wilfulness, intention or any other legal standard of care.

9        Relief pursuant to subsection J of this section includes the following:

10        1.  Money damages for all psychological, emotional and physical

11        injuries resulting from the violation of this section.

12        2.  Statutory damages in an amount equal to five thousand dollars or

13        three times the cost of the abortion, whichever is greater.

14        3.  Reasonable attorney fees and costs.

15        L.  A civil action brought pursuant to this section must be initiated

16        within six years after the violation occurred."

17  Amend title to conform

and, as so amended, it do pass

KELLY TOWNSEND
Chairman

1318-fsr
3/11/15
H:laa

1318kt
03/04/2015
11:19 AM
C: mjh

CHRIST000108

Fifty-second Legislature                                        Mitchell
First Regular Session                                       S.B. 1318

## MITCHELL FLOOR AMENDMENT

### HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318
(Reference to Senate engrossed bill)

1  Page 1, between lines 18 and 19, insert:

2        "Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:

3        36-404.  <u>Limitation of disclosure of information</u>

4        A.  Information received and records kept by the department for the

5  purpose of administering this chapter are available to the public except:

6        1.  Information obtained for purposes of articles 4 and 5 of this

7  chapter.

8        2.  Personally identifiable medical information or any information from

9  which a patient or the patient's family might be identified.

10        3.  Sources of information that cause the department to believe that an

11  inspection of an institution is needed to determine the extent of compliance

12  with this chapter and rules adopted pursuant to this chapter.

13        4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14  AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15  TO SECTION 36-449.02.

16        B.  The department may release information listed under subsection A OF

17  THIS SECTION to an officer of the court pursuant to a court order, a

18  department or agency of this state or the federal government, a law

19  enforcement agency or a county medical examiner if the release of this

PASSED

CHRIST000109

House Amendments to S.B. 1318

1      information is necessary and pertinent to an investigation or proceeding

2      unless the release of this information is prohibited by federal or state

3      law.  The recipient shall maintain patient and source name confidentiality."

4 Renumber to conform

5 Amend title to conform

DARIN MITCHELL

1318dm
03/17/2015
10:16 AM
C: mjh

- 2 -

CHRIST000110

Fifty-second Legislature                                                          Cobb
First Regular Session                                                         S.B. 1318

COBB FLOOR AMENDMENT

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1   Page 1, between lines 18 and 19, insert:

2           "Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:

3           36-404.  Limitation of disclosure of information

4           A.  Information received and records kept by the department for the

5   purpose of administering this chapter are available to the public except:

6           1.  Information obtained for purposes of articles 4 and 5 of this

7   chapter.

8           2.  Personally identifiable medical information or any information from

9   which a patient or the patient's family might be identified.

10          3.  Sources of information that cause the department to believe that an

11  inspection of an institution is needed to determine the extent of compliance

12  with this chapter and rules adopted pursuant to this chapter.

13          4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14  AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15  TO SECTION 36-449.02.

16          B.  The department may release information listed under subsection A OF

17  THIS SECTION to an officer of the court pursuant to a court order, a

18  department or agency of this state or the federal government, a law

19  enforcement agency or a county medical examiner if the release of this

20  information is necessary and pertinent to an investigation or proceeding

21  unless the release of this information is prohibited by federal or state

22  law.  The recipient shall maintain patient and source name confidentiality."

23

NOT OFFERED

CHRIST000111

House Amendments to S.B. 1318

1    Renumber to conform

2    Amend title to conform

_____

                                        REGINA COBB


     1318-f1-cobb
     3/20/15
     3:40 PM
     H:ajs

     1318dm
     03/17/2015
     10:16 AM
     C: mjh

CHRIST000112

Fifty-second Legislature                                                Steele
First Regular Session                                             S.B. 1318

STEELE FLOOR AMENDMENT
HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318
(Reference to Senate engrossed bill)

1  Page 1, between lines 18 and 19, insert:

2         "Sec. 2.  Section 36-404, Arizona Revised Statutes, is amended to read:

3         36-404.  Limitation of disclosure of information

4         A.  Information received and records kept by the department for the

5  purpose of administering this chapter are available to the public except:

6         1.  Information obtained for purposes of articles 4 and 5 of this

7  chapter.

8         2.  Personally identifiable medical information or any information from

9  which a patient or the patient's family might be identified.

10        3.  Sources of information that cause the department to believe that an

11  inspection of an institution is needed to determine the extent of compliance

12  with this chapter and rules adopted pursuant to this chapter.

13        4.  PERSONALLY IDENTIFIABLE INFORMATION OF A PHYSICIAN THAT IS RECEIVED

14  AND ANY RECORDS KEPT REGARDING THE PHYSICIAN'S ADMITTING PRIVILEGES PURSUANT

15  TO SECTION 36-449.02.

16        B.  The department may release information listed under subsection A OF

17  THIS SECTION to an officer of the court pursuant to a court order, a

18  department or agency of this state or the federal government, a law

19  enforcement agency or a county medical examiner if the release of this

20  information is necessary and pertinent to an investigation or proceeding

21  unless the release of this information is prohibited by federal or state

22  law.  The recipient shall maintain patient and source name confidentiality."

23  Renumber to conform

24  Amend title to conform

_____

VICTORIA STEELE

1318-fl-steele    1318dm
3/20/15           03/17/2015
11:35 AM          10:16 AM
H:laa             C: mjh

NOT OFFERED

CHRIST000113

# RULES COMMITTEE REPORT

## ARIZONA HOUSE OF REPRESENTATIVES
### Fifty-second Legislature – First Regular Session

**March 16, 2015**

**Mr. Speaker:**

**Your Committee on Rules reports that it has had under consideration**

### SENATE BILL 1318

**and respectfully recommends that in the opinion of this Committee the bill is constitutional and in proper form.**

_____
**DAVID STEVENS, Chairman**
**STEVE MONTENEGRO, Vice-Chairman**

**jb**

CHRIST000114

Fifty-second Legislature
First Regular Session

COMMITTEE ON FEDERALISM AND STATES' RIGHTS

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1    Page 2, after line 23, insert:

2         "Sec. 3.  Section 36-2153, Arizona Revised Statutes, is amended to

3    read:

4         36-2153.  Informed consent; requirements; information; website;

5                   signs; violation; civil relief; statute of

6                   limitations

7         A.  An abortion shall not be performed or induced without the voluntary

8    and informed consent of the woman on whom the abortion is to be performed or

9    induced.  Except in the case of a medical emergency and in addition to the

10   other requirements of this chapter, consent to an abortion is voluntary and

11   informed only if all of the following are true:

12        1.  At least twenty-four hours before the abortion, the physician who

13   is to perform the abortion or the referring physician has informed the woman,

14   orally and in person, of:

15        (a)  The name of the physician who will perform the abortion.

16        (b)  The nature of the proposed procedure or treatment.

17        (c)  The immediate and long-term medical risks associated with the

18   procedure that a reasonable patient would consider material to the decision

19   of whether or not to undergo the abortion.

20        (d)  Alternatives to the procedure or treatment that a reasonable

21   patient would consider material to the decision of whether or not to undergo

22   the abortion.

23        (e)  The probable gestational age of the unborn child at the time the

24   abortion is to be performed.

25        (f)  The probable anatomical and physiological characteristics of the

26   unborn child at the time the abortion is to be performed.

CHRIST000115

House Amendments to S.B. 1318

1        (g)  The medical risks associated with carrying the child to term.

2        2.  At least twenty-four hours before the abortion, the physician who

3  is to perform the abortion, the referring physician or a qualified physician,

4  physician  assistant,  nurse,  psychologist  or  licensed  behavioral  health

5  professional  to  whom  the  responsibility  has  been  delegated  by  either

6  physician has informed the woman, orally and in person, that:

7        (a)  Medical assistance benefits may be available for prenatal care,

8  childbirth and neonatal care.

9        (b)  The father of the unborn child is liable to assist in the support

10  of the child, even if he has offered to pay for the abortion.  In the case of

11  rape or incest, this information may be omitted.

12        (c)  Public and private agencies and services are available to assist

13  the woman during her pregnancy and after the birth of her child if she

14  chooses not to have an abortion, whether she chooses to keep the child or

15  place the child for adoption.

16        (d)  It is unlawful for any person to coerce a woman to undergo an

17  abortion.

18        (e)  The woman is free to withhold or withdraw her consent to the

19  abortion at any time without affecting her right to future care or treatment

20  and without the loss of any state or federally funded benefits to which she

21  might otherwise be entitled.

22        (f)  The  department  of  health  services  maintains  a  website  that

23  describes the unborn child and lists the agencies that offer alternatives to

24  abortion.

25        (g)  The woman has a right to review the website and that a printed

26  copy of the materials on the website will be provided to her free of charge

27  if she chooses to review these materials.

28        (h)  IT MAY BE POSSIBLE TO REVERSE THE EFFECTS OF A MEDICATION ABORTION

29  IF THE WOMAN CHANGES HER MIND BUT THAT TIME IS OF THE ESSENCE.

30        (i)  INFORMATION ON AND ASSISTANCE WITH REVERSING THE EFFECTS OF A

31  MEDICATION ABORTION IS AVAILABLE ON THE DEPARTMENT OF HEALTH SERVICES'

32  WEBSITE.

CHRIST000116

House Amendments to S.B. 1318

1    3.  The information in paragraphs 1 and 2 of this subsection is
2    provided to the woman individually and in a private room to protect her
3    privacy and to ensure that the information focuses on her individual
4    circumstances and that she has adequate opportunity to ask questions.

5    4.  The woman certifies in writing before the abortion that the
6    information required to be provided pursuant to paragraphs 1 and 2 of this
7    subsection has been provided.

8    B.  If a medical emergency compels the performance of an abortion, the
9    physician shall inform the woman, before the abortion if possible, of the
10   medical indications supporting the physician's judgment that an abortion is
11   necessary to avert the woman's death or to avert substantial and irreversible
12   impairment of a major bodily function.

13   C.  The department of health services shall establish a website within
14   ninety days after the effective date of this amendment to this section and
15   shall annually update the A website. The website must include THAT INCLUDES
16   a link to a printable version of all materials listed on the website.  The
17   materials must be written in an easily understood manner and printed in a
18   typeface that is large enough to be clearly legible.  The website must
19   include all of the following materials:

20   1.  Information that is organized geographically by location and that
21   is designed to inform the woman about public and private agencies and
22   services that are available to assist a woman through pregnancy, at
23   childbirth and while her child is dependent, including adoption agencies.
24   The materials shall include a comprehensive list of the agencies, a
25   description of the services they offer and the manner in which these agencies
26   may be contacted, including the agencies' telephone numbers and website
27   addresses.

28   2.  Information on the availability of medical assistance benefits for
29   prenatal care, childbirth and neonatal care.

30   3.  A statement that it is unlawful for any person to coerce a woman to
31   undergo an abortion.

-3-

CHRIST000117

House Amendments to S.B. 1318

1      4.  A statement that any physician who performs an abortion on a woman
2  without obtaining the woman's voluntary and informed consent or without
3  affording her a private medical consultation may be liable to the woman for
4  damages in a civil action.

5      5.  A statement that the father of a child is liable to assist in the
6  support of that child, even if the father has offered to pay for an abortion,
7  and that the law allows adoptive parents to pay costs of prenatal care,
8  childbirth and neonatal care.

9      6.  Information that is designed to inform the woman of the probable
10  anatomical and physiological characteristics of the unborn child at two-week
11  gestational increments from fertilization to full term, including pictures or
12  drawings representing the development of unborn children at two-week
13  gestational increments and any relevant information on the possibility of the
14  unborn child's survival. The pictures or drawings must contain the
15  dimensions of the unborn child and must be realistic and appropriate for each
16  stage of pregnancy. The information provided pursuant to this paragraph must
17  be objective, nonjudgmental and designed to convey only accurate scientific
18  information about the unborn child at the various gestational ages.

19      7.  Objective information that describes the methods of abortion
20  procedures commonly employed, the medical risks commonly associated with each
21  procedure, the possible detrimental psychological effects of abortion and the
22  medical risks commonly associated with carrying a child to term.

23      8.  INFORMATION ON THE POTENTIAL ABILITY OF QUALIFIED MEDICAL
24  PROFESSIONALS TO REVERSE A MEDICATION ABORTION, INCLUDING INFORMATION
25  DIRECTING WOMEN WHERE TO OBTAIN FURTHER INFORMATION AND ASSISTANCE IN
26  LOCATING A MEDICAL PROFESSIONAL WHO CAN AID IN THE REVERSAL OF A MEDICATION
27  ABORTION.

28      D.  An individual who is not a physician shall not perform a surgical
29  abortion.

30      E.  A person shall not write or communicate a prescription for a drug
31  or drugs to induce an abortion or require or obtain payment for a service
32  provided to a patient who has inquired about an abortion or scheduled an

-4-

CHRIST000118

House Amendments to S.B. 1318

1  abortion until the expiration of the twenty-four-hour reflection period
2  required by subsection A of this section.

3  F.  A person shall not intimidate or coerce in any way any person to
4  obtain an abortion.  A parent, a guardian or any other person shall not
5  coerce a minor to obtain an abortion.  If a minor is denied financial support
6  by the minor's parents, guardians or custodian due to the minor's refusal to
7  have an abortion performed, the minor is deemed emancipated for the purposes
8  of eligibility for public assistance benefits, except that the emancipated
9  minor may not use these benefits to obtain an abortion.

10  G.  An abortion clinic as defined in section 36-449.01 shall
11  conspicuously post signs that are visible to all who enter the abortion
12  clinic, that are clearly readable and that state it is unlawful for any
13  person to force a woman to have an abortion and a woman who is being forced
14  to have an abortion has the right to contact any local or state law
15  enforcement or social service agency to receive protection from any actual or
16  threatened physical, emotional or psychological abuse.  The signs shall be
17  posted in the waiting room, consultation rooms and procedure rooms.

18  H.  A person shall not require a woman to obtain an abortion as a
19  provision in a contract or as a condition of employment.

20  I.  A physician who knowingly violates this section commits an act of
21  unprofessional conduct and is subject to license suspension or revocation
22  pursuant to title 32, chapter 13 or 17.

23  J.  In addition to other remedies available under the common or
24  statutory law of this state, any of the following may file a civil action to
25  obtain appropriate relief for a violation of this section:

26  1.  A woman on whom an abortion has been performed without her informed
27  consent as required by this section.

28  2.  The father of the unborn child if married to the mother at the time
29  she received the abortion, unless the pregnancy resulted from the plaintiff's
30  criminal conduct.

-5-

CHRIST000119

House Amendments to S.B. 1318

1        3.  The maternal grandparents of the unborn child if the mother was not at least eighteen years of age at the time of the abortion, unless the pregnancy resulted from the plaintiff's criminal conduct.

4        K.  A civil action filed pursuant to subsection J of this section shall be brought in the superior court in the county in which the woman on whom the abortion was performed resides and may be based on a claim that failure to obtain informed consent was a result of simple negligence, gross negligence, wantonness, wilfulness, intention or any other legal standard of care. Relief pursuant to subsection J of this section includes the following:

10        1.  Money damages for all psychological, emotional and physical injuries resulting from the violation of this section.

12        2.  Statutory damages in an amount equal to five thousand dollars or three times the cost of the abortion, whichever is greater.

14        3.  Reasonable attorney fees and costs.

15        L.  A civil action brought pursuant to this section must be initiated within six years after the violation occurred."

17  Amend title to conform

and, as so amended, it do pass

KELLY TOWNSEND
Chairman

1318-fsr
3/11/15
H:laa

1318kt
03/04/2015
11:19 AM
C: mjh

CHRIST000120

# ARIZONA HOUSE OF REPRESENTATIVES

## Committee Report

March 11, 2015

MR. SPEAKER:

Your COMMITTEE ON FEDERALISM AND STATES' RIGHTS has had under consideration

SENATE BILL 1318 and respectfully recommends:

it be amended as follows:

(SEE ATTACHED)

and, as so amended it do pass

LCS

KELLY TOWNSEND, Chairman
NOEL W. CAMPBELL, Vice-Chairman

CHRIST000121

Fifty-second Legislature
First Regular Session

COMMITTEE ON FEDERALISM AND STATES' RIGHTS

HOUSE OF REPRESENTATIVES AMENDMENTS TO S.B. 1318

(Reference to Senate engrossed bill)

1    Page 2, after line 23, insert:
2         "Sec. 3.   Section 36-2153, Arizona Revised Statutes, is amended to
3    read:
4         36-2153.   Informed consent; requirements; information; website;
5                    signs;   violation;   civil   relief;   statute   of
6                    limitations
7         A.   An abortion shall not be performed or induced without the voluntary
8    and informed consent of the woman on whom the abortion is to be performed or
9    induced.   Except in the case of a medical emergency and in addition to the
10   other requirements of this chapter, consent to an abortion is voluntary and
11   informed only if all of the following are true:
12        1.   At least twenty-four hours before the abortion, the physician who
13   is to perform the abortion or the referring physician has informed the woman,
14   orally and in person, of:
15        (a)   The name of the physician who will perform the abortion.
16        (b)   The nature of the proposed procedure or treatment.
17        (c)   The immediate and long-term medical risks associated with the
18   procedure that a reasonable patient would consider material to the decision
19   of whether or not to undergo the abortion.
20        (d)   Alternatives to the procedure or treatment that a reasonable
21   patient would consider material to the decision of whether or not to undergo
22   the abortion.
23        (e)   The probable gestational age of the unborn child at the time the
24   abortion is to be performed.
25        (f)   The probable anatomical and physiological characteristics of the
26   unborn child at the time the abortion is to be performed.

CHRIST000122

House Amendments to S.B. 1318

1    (g)  The medical risks associated with carrying the child to term.

2    2.  At least twenty-four hours before the abortion, the physician who

3  is to perform the abortion, the referring physician or a qualified physician,

4  physician assistant, nurse, psychologist or licensed behavioral health

5  professional to whom the responsibility has been delegated by either

6  physician has informed the woman, orally and in person, that:

7    (a)  Medical assistance benefits may be available for prenatal care,

8  childbirth and neonatal care.

9    (b)  The father of the unborn child is liable to assist in the support

10  of the child, even if he has offered to pay for the abortion.  In the case of

11  rape or incest, this information may be omitted.

12    (c)  Public and private agencies and services are available to assist

13  the woman during her pregnancy and after the birth of her child if she

14  chooses not to have an abortion, whether she chooses to keep the child or

15  place the child for adoption.

16    (d)  It is unlawful for any person to coerce a woman to undergo an

17  abortion.

18    (e)  The woman is free to withhold or withdraw her consent to the

19  abortion at any time without affecting her right to future care or treatment

20  and without the loss of any state or federally funded benefits to which she

21  might otherwise be entitled.

22    (f)  The department of health services maintains a website that

23  describes the unborn child and lists the agencies that offer alternatives to

24  abortion.

25    (g)  The woman has a right to review the website and that a printed

26  copy of the materials on the website will be provided to her free of charge

27  if she chooses to review these materials.

28    (h)  IT MAY BE POSSIBLE TO REVERSE THE EFFECTS OF A MEDICATION ABORTION

29  IF THE WOMAN CHANGES HER MIND BUT THAT TIME IS OF THE ESSENCE.

30    (i)  INFORMATION ON AND ASSISTANCE WITH REVERSING THE EFFECTS OF A

31  MEDICATION ABORTION IS AVAILABLE ON THE DEPARTMENT OF HEALTH SERVICES'

32  WEBSITE.

CHRIST000123

House Amendments to S.B. 1318

1        3.  The information in paragraphs 1 and 2 of this subsection is

2    provided to the woman individually and in a private room to protect her

3    privacy and to ensure that the information focuses on her individual

4    circumstances and that she has adequate opportunity to ask questions.

5        4.  The woman certifies in writing before the abortion that the

6    information required to be provided pursuant to paragraphs 1 and 2 of this

7    subsection has been provided.

8        B.  If a medical emergency compels the performance of an abortion, the

9    physician shall inform the woman, before the abortion if possible, of the

10    medical indications supporting the physician's judgment that an abortion is

11    necessary to avert the woman's death or to avert substantial and irreversible

12    impairment of a major bodily function.

13        C.  The department of health services shall establish ~~a website within~~

14    ~~ninety days after the effective date of this amendment to this section~~ and

15    shall annually update ~~the~~ A website~~.  The website must include~~ THAT INCLUDES

16    a link to a printable version of all materials listed on the website.  The

17    materials must be written in an easily understood manner and printed in a

18    typeface that is large enough to be clearly legible.  The website must

19    include all of the following materials:

20        1.  Information that is organized geographically by location and that

21    is designed to inform the woman about public and private agencies and

22    services that are available to assist a woman through pregnancy, at

23    childbirth and while her child is dependent, including adoption agencies.

24    The materials shall include a comprehensive list of the agencies, a

25    description of the services they offer and the manner in which these agencies

26    may be contacted, including the agencies' telephone numbers and website

27    addresses.

28        2.  Information on the availability of medical assistance benefits for

29    prenatal care, childbirth and neonatal care.

30        3.  A statement that it is unlawful for any person to coerce a woman to

31    undergo an abortion.

CHRIST000124

House Amendments to S.B. 1318

1    4.  A statement that any physician who performs an abortion on a woman
2    without obtaining the woman's voluntary and informed consent or without
3    affording her a private medical consultation may be liable to the woman for
4    damages in a civil action.

5    5.  A statement that the father of a child is liable to assist in the
6    support of that child, even if the father has offered to pay for an abortion,
7    and that the law allows adoptive parents to pay costs of prenatal care,
8    childbirth and neonatal care.

9    6.  Information that is designed to inform the woman of the probable
10   anatomical and physiological characteristics of the unborn child at two-week
11   gestational increments from fertilization to full term, including pictures or
12   drawings representing the development of unborn children at two-week
13   gestational increments and any relevant information on the possibility of the
14   unborn child's survival. The pictures or drawings must contain the
15   dimensions of the unborn child and must be realistic and appropriate for each
16   stage of pregnancy.  The information provided pursuant to this paragraph must
17   be objective, nonjudgmental and designed to convey only accurate scientific
18   information about the unborn child at the various gestational ages.

19   7.  Objective information that describes the methods of abortion
20   procedures commonly employed, the medical risks commonly associated with each
21   procedure, the possible detrimental psychological effects of abortion and the
22   medical risks commonly associated with carrying a child to term.

23   8.  INFORMATION  ON  THE  POTENTIAL  ABILITY  OF  QUALIFIED  MEDICAL
24   PROFESSIONALS TO REVERSE A MEDICATION ABORTION, INCLUDING INFORMATION
25   DIRECTING WOMEN WHERE TO OBTAIN FURTHER INFORMATION AND ASSISTANCE IN
26   LOCATING A MEDICAL PROFESSIONAL WHO CAN AID IN THE REVERSAL OF A MEDICATION
27   ABORTION.

28   D.  An individual who is not a physician shall not perform a surgical
29   abortion.

30   E.  A person shall not write or communicate a prescription for a drug
31   or drugs to induce an abortion or require or obtain payment for a service
32   provided to a patient who has inquired about an abortion or scheduled an

-4-

CHRIST000125

House Amendments to S.B. 1318

1    abortion until the expiration of the twenty-four-hour reflection period
2    required by subsection A of this section.

3    F.  A person shall not intimidate or coerce in any way any person to
4    obtain an abortion.  A parent, a guardian or any other person shall not
5    coerce a minor to obtain an abortion.  If a minor is denied financial support
6    by the minor's parents, guardians or custodian due to the minor's refusal to
7    have an abortion performed, the minor is deemed emancipated for the purposes
8    of eligibility for public assistance benefits, except that the emancipated
9    minor may not use these benefits to obtain an abortion.

10    G.  An abortion clinic as defined in section 36-449.01 shall
11    conspicuously post signs that are visible to all who enter the abortion
12    clinic, that are clearly readable and that state it is unlawful for any
13    person to force a woman to have an abortion and a woman who is being forced
14    to have an abortion has the right to contact any local or state law
15    enforcement or social service agency to receive protection from any actual or
16    threatened physical, emotional or psychological abuse.  The signs shall be
17    posted in the waiting room, consultation rooms and procedure rooms.

18    H.  A person shall not require a woman to obtain an abortion as a
19    provision in a contract or as a condition of employment.

20    I.  A physician who knowingly violates this section commits an act of
21    unprofessional conduct and is subject to license suspension or revocation
22    pursuant to title 32, chapter 13 or 17.

23    J.  In addition to other remedies available under the common or
24    statutory law of this state, any of the following may file a civil action to
25    obtain appropriate relief for a violation of this section:

26    1.  A woman on whom an abortion has been performed without her informed
27    consent as required by this section.

28    2.  The father of the unborn child if married to the mother at the time
29    she received the abortion, unless the pregnancy resulted from the plaintiff's
30    criminal conduct.

CHRIST000126

House Amendments to S.B. 1318

1        3.  The maternal grandparents of the unborn child if the mother was not

2    at least eighteen years of age at the time of the abortion, unless the

3    pregnancy resulted from the plaintiff's criminal conduct.

4        K.  A civil action filed pursuant to subsection J of this section shall

5    be brought in the superior court in the county in which the woman on whom the

6    abortion was performed resides and may be based on a claim that failure to

7    obtain informed consent was a result of simple negligence, gross negligence,

8    wantonness, wilfulness, intention or any other legal standard of care.

9    Relief pursuant to subsection J of this section includes the following:

10        1.  Money damages for all psychological, emotional and physical

11    injuries resulting from the violation of this section.

12        2.  Statutory damages in an amount equal to five thousand dollars or

13    three times the cost of the abortion, whichever is greater.

14        3.  Reasonable attorney fees and costs.

15        L.  A civil action brought pursuant to this section must be initiated

16    within six years after the violation occurred."

17    Amend title to conform

and, as so amended, it do pass

KELLY TOWNSEND
Chairman

1318-fsr
3/11/15
H:laa

1318kt
03/04/2015
11:19 AM
C: mjh

-6-

CHRIST000127

## ARIZONA HOUSE OF REPRESENTATIVES
### Fifty-second Legislature - First Regular Session

## ROLL CALL VOTE

COMMITTEE ON _____ FEDERALISM AND STATES' RIGHTS _____ BILL NO. __SB 1318__

DATE _____ March 11, 2015 _____ MOTION: __DPA__

|  | PASS | AYE | NAY | PRESENT | ABSENT |
|---|---|---|---|---|---|
| Mr. Finchem |  | ✓ |  |  |  |
| Mr. Mitchell |  | ✓ |  |  |  |
| Ms. Rios |  |  | ✓ |  |  |
| Mr. Thorpe |  | ✓ |  |  |  |
| Ms. Velasquez |  |  | ✓ |  |  |
| Mr. Wheeler |  |  | ✓ |  |  |
| Mr. Campbell, Vice-Chairman |  | ✓ |  |  |  |
| Ms. Townsend, Chairman |  | ✓ |  |  |  |
|  |  | 5 | 3 | 0 | 0 |

COMMITTEE SECRETARY

APPROVED:

KELLY TOWNSEND, Chairman
NOEL W. CAMPBELL, Vice-Chairman

ATTACHMENT_____

CHRIST000128



# HOUSE OF REPRESENTATIVES

## SB 1318
abortion; health care exchange; licensure
Sponsors: Senators Barto, Allen, Burges, et al.

| | |
|---|---|
| X | Committee on Federalism & States' Rights |
| | Caucus and COW |
| | House Engrossed |

### OVERVIEW
SB 1318 prohibits any health care plan offered through any health care exchange operating in this state from providing coverage for abortions with limited exceptions and requires documentation from abortion clinics regarding admitting privileges be submitted to the Director of the Arizona Department of Health Services (ADHS).

### HISTORY
Laws 1973, Chapter 158, established the ADHS by consolidating the State Department of Health, the Arizona Health Planning Authority, Crippled Children Services, the Arizona State Hospital and the Anatomy Board. ADHS sets the standard for personal and community health and is responsible for protecting and improving public health and providing publicly funded behavioral health programs. Arizona Revised Statutes (A.R.S.) § 36-449.08 provides minimum standards established for abortion clinics. It also provides the punishments for violations of the safety standards set forth in this section.

The Hyde Amendment is a legislative provision barring the use of certain federal funds to pay for abortions except if a pregnancy arises from incest or rape. It is not a permanent law; rather it is a "rider" that, in various forms, has been routinely attached to annual appropriations bills since 1976. The Hyde Amendment applies only to funds allocated by the annual appropriations bill for the Department of Health and Human Services and primarily affects Medicaid.

Many of the state laws regulating abortion are found in A.R.S., Title 36. Included in those regulations are consent and mandatory reporting requirements, rights of conscience of health care providers and restrictions of abortions under certain circumstances.

### PROVISIONS
1. Prohibits any health care plan offered through any health care exchange operating in this state from providing coverage for abortions.

2. The prohibition of coverage does not apply when the pregnancy is a result of rape or incest.

3. Requires abortion clinics, on licensure and any subsequent renewal, to submit to the Director of ADHS, all documentation required by law including verification that the clinic's physicians who are required to be available have admitting privileges at a health care institution as required by law.

4. Makes technical and conforming changes.

Fifty-second Legislature
First Regular Session

March 6, 2015
CHRIST000129

# ARIZONA STATE SENATE

Fifty-second Legislature
First Regular Session

February 19, 2015

MR. SPEAKER:

I am directed by the Senate to inform the House that it has PASSED

SENATE BILL 1318.

AMENDED

abortion; health care exchange; licensure

By the following vote:

AYES   17        NOES   12        NOT VOTING 1

Respectfully,

Charmion Billington                sh
Secretary of the Senate

CHRIST000130

February 19, 2015  3:53 pm

ARIZONA STATE SENATE
Fifty-second Legislature - First Regular Session

SB1318        abortion; health care exchange; licensure

Third Reading

AYES:        17
NAYS:        12
NOT VOTING:   1
EXCUSED:      0
VACANT:       0

PASSED

| | | | | | |
|---|---|---|---|---|---|
| N | ABLESER | Y | DRIGGS | N | PANCRAZI |
| Y | ALLEN | N | FARLEY | Y | PIERCE |
| Y | BARTO | Y | FARNSWORTH D | N | QUEZADA |
| N | BEGAY | Y | GRIFFIN | Y | SHOOTER |
| N | BRADLEY | N | HOBBS | Y | SMITH |
| Y | BURGES | Y | KAVANAGH | NV | WARD |
| N | CAJERO BEDFORD | Y | LESKO | Y | WORSLEY |
| N | CONTRERAS | N | MCGUIRE | Y | YARBROUGH |
| N | DALESSANDRO | N | MEZA | Y | YEE |
| Y | DIAL | Y | MIRANDA | Y | PRESIDENT BIGGS |

SB1318

CHRIST000131

February 19, 2015  2:41 pm

ARIZONA STATE SENATE
Fifty-second Legislature - First Regular Session

SB1318          abortion; health care exchange; licensure

COW Motion to Amend
Sen Hobbs to include the Hobbs #1 flr amend

AYES:        11
NAYS:        17
NOT VOTING:  2
EXCUSED:     0
VACANT:      0

FAILED

| | | | | | |
|---|---|---|---|---|---|
| Y | ABLESER | N | DRIGGS | Y | PANCRAZI |
| N | ALLEN | Y | FARLEY | N | PIERCE |
| N | BARTO | N | FARNSWORTH D | Y | QUEZADA |
| Y | BEGAY | N | GRIFFIN | N | SHOOTER |
| Y | BRADLEY | Y | HOBBS | N | SMITH |
| N | BURGES | N | KAVANAGH | NV | WARD |
| Y | CAJERO BEDFORD | N | LESKO | N | WORSLEY |
| Y | CONTRERAS | NV | MCGUIRE | N | YARBROUGH |
| Y | DALESSANDRO | Y | MEZA | N | YEE |
| N | DIAL | N | MIRANDA | N | PRESIDENT BIGGS |

SB1318

CHRIST000132

February 19, 2015  2:41 pm

ARIZONA STATE SENATE
Fifty-second Legislature - First Regular Session

SB1318        abortion; health care exchange; licensure

COW Motion to Amend
Sen Hobbs to include the Hobbs #1 flr amend

| | |
|---|---|
| AYES: | 11 |
| NAYS: | 17 |
| NOT VOTING: | 2 |
| EXCUSED: | 0 |
| VACANT: | 0 |

FAILED

| | | | | | |
|---|---|---|---|---|---|
| Y | ABLESER | N | DRIGGS | Y | PANCRAZI |
| N | ALLEN | Y | FARLEY | N | PIERCE |
| N | BARTO | N | FARNSWORTH D | Y | QUEZADA |
| Y | BEGAY | N | GRIFFIN | N | SHOOTER |
| Y | BRADLEY | Y | HOBBS | N | SMITH |
| N | BURGES | N | KAVANAGH | NV | WARD |
| Y | CAJERO BEDFORD | N | LESKO | N | WORSLEY |
| Y | CONTRERAS | NV | MCGUIRE | N | YARBROUGH |
| Y | DALESSANDRO | Y | MEZA | N | YEE |
| N | DIAL | N | MIRANDA | N | PRESIDENT BIGGS |

SB1318