Diana Salgado*
Planned Parenthood Federation of America
434 W. 33rd Street,
New York, NY 10001
(212) 541-7800
diana.salgado@ppfa.org

*Attorney for Planned Parenthood Arizona, Inc.*

Alice Clapman*
Helene T. Krasnoff*
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
alice.clapman@ppfa.org
helene.krasnoff@ppfa.org

*Attorneys for Planned Parenthood Arizona, Inc.*

David Brown*
Hillary Schneller*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3600
dbrown@reprorights.org
hschneller@reprorights.org

*Attorneys for Paul A. Isaacson, M.D.*

Lawrence Rosenfeld
AZ Bar No. 004426
Daniel B. Pasternak
AZ Bar No. 023751
Squire Patton Boggs (US) LLP
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
(602) 528-4000
lawrence.rosenfeld@squirepb.com
daniel.pasternak@squirepb.com

*Attorney for Planned Parenthood Arizona, Inc.*

Andrew Beck*
Talcott Camp*
Brigitte Amiri*
American Civil Liberties Union Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org

*Attorneys for Eric Reuss, M.D., M.P.H.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Daniel Pochoda
AZ Bar No. 021979
Victoria Lopez
AZ Bar No. 330042**
American Civil Liberties Union Foundation of Arizona
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
(602) 650-1854
dpochoda@acluaz.org
vlopez@acluaz.org

*Attorneys for Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

**Admitted pro hac vice*
***Admitted pursuant to Ariz. Sup. Ct. R. 38(f)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Planned Parenthood Arizona, Inc., et al.,

Plaintiffs,

v.

Mark Brnovich, Arizona Attorney General, in his official capacity, et al.,

Defendants.

Case No. CV-15-01022-PHX-SPL

**JOINT PRE-HEARING STATEMENT**

The following is the Joint Pre-Hearing Statement to be considered at the Preliminary Injunction Hearing set for October 21, 2015 to October 23, 2015.

## 1. COUNSEL FOR THE PARTIES

### A. PLAINTIFFS

Diana Salgado
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY 10001
(212) 541-7800
diana.salgado@ppfa.org

*Attorney for Plaintiff Planned Parenthood Arizona, Inc.*

David Brown
Hillary Schneller
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3600
dbrown@reprorights.org
hschneller@reprorights.org

*Attorneys for Plaintiff Paul A. Isaacson, M.D.*

Lawrence Rosenfeld
AZ Bar No. 004426
Daniel B. Pasternak
AZ Bar No. 023751
Squire Patton Boggs (US) LLP
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
(602) 528-4000
lawrence.rosenfeld@squirepb.com
daniel.pasternak@squirepb.com

*Attorney for Plaintiff Planned Parenthood Arizona, Inc.*

Alice Clapman
Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
alice.clapman@ppfa.org
helene.krasnoff@ppfa.org

*Attorney for Plaintiff Planned Parenthood Arizona, Inc.*

Andrew Beck
Talcott Camp
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org

*Attorneys for Plaintiffs Eric Reuss, M.D., M.P.H.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Daniel Pochoda
AZ Bar No. 021979
Victoria Lopez
AZ Bar No. 330042
American Civil Liberties Union Foundation of Arizona
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
(602) 650-1854
dpochoda@acluaz.org
vlopez@acluaz.org

*Attorneys for Plaintiffs Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

B. <u>DEFENDANTS</u>

Douglas V. Drury, Esq.
MUELLER & DRURY, P.C.
8110 East Cactus Road, Ste. 100
Scottsdale, AZ 85260-5210
mdlaw@muellerdrury.com
(480) 368-5511
State Bar No. 011461
*Attorney for Defendant Cara M. Christ, Director of the Arizona Department of Health Services, in her official capacity*

John R. Tellier
Office of the Attorney General – Phoenix
1275 W Washington Street
Phoenix, AZ 85007-2997
John.Tellier@azag.gov
*Attorney for Donna Brister, Douglas Cunningham, Edward G. Paul Gary Erbstoesser, Gary R. Figge, James Gilliard, Jenna Jones, Jerry G. Landau, Jodi A. Bain, Lew Riggs, Lois Krahn, Mark D. Berg, Martin B. Reiss, Patricia E. McSorley, Paul S. Gerding, Richard T. Perry, Robert E. Fromm, Scott Steingard, Screven Farmer, Vas Sabeeh, and Wanda J. Salter*

Kevin D. Ray (#007485)
Aubrey Joy Corcoran (#025423)
Assistant Attorneys *General*
Education and Health Section
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8328
Facsimile: (602) 364-0700
Email: EducationHealth@azag.gov
*Attorneys for Mark Brnovich, Arizona Attorney General*

**2. ESTIMATED LENGTH OF HEARING**

11 hours – Plaintiffs' case (including Defendants' cross-examination, and Plaintiffs' rebuttal, if any)

11 hours – Defendants' case (including Plaintiffs' cross-examination)

22 hours – Total

## 3. STATEMENT OF JURISDICTION

Jurisdiction in the case is based on a cause of action arising under federal law, pursuant to 28 U.S.C. § 1331, and to cause of action seeking to redress the deprivation of a loss of rights secured by the United States Constitution, pursuant to 28 U.S.C. § 1343(a)(3).

## 4. LIST OF WITNESSES

A. Plaintiffs' List of Witnesses

(i) Plaintiffs' witnesses who shall be called at the hearing:

**Expert Witnesses**

**Courtney Schreiber, M.D., M.P.H.**
Associate Professor of Obstetrics and Gynecology at the Hospital of the University of Pennsylvania
Department of Obstetrics and Gynecology
3400 Spruce Street, 1000 Courtyard
Philadelphia, PA 19104

Dr. Schreiber is a board-certified obstetrician/gynecologist and epidemiologist. She is an expert in obstetrics and gynecology; the conduct, review and interpretation of human-subjects research in reproduction; and the steroid chemistry of both mifepristone and progesterone. Dr. Schreiber will testify that there is no credible, medical evidence that the effects of medication abortion may be reversible; and that making such a statement to women seeking abortion would undermine the informed consent process, violate standards of medical ethics, and expose patients to harm.

**Steven Joffe, M.D., M.P.H.**
Vice Chair of Medical Ethics; Emanuel and Robert Hart Associate Professor
Department of Medical Ethics and Health Policy
Perelman School of Medicine at the University of Pennsylvania
3401 Market Street, Suite 320
Philadelphia, PA 19104-3319

Dr. Joffe is an expert in medical ethics, with a particular focus on clinical ethics, including informed consent, ethics of doctor/patient relationships, the ethics of human subjects research, as well as clinical trial design and conduct. He is also a pediatric hematologist/oncologist. Dr. Joffe will testify that the Act seriously undermines and

distorts the informed consent process for patients considering an abortion; forces physicians providing abortions to violate fundamental principles of medical ethics by compelling physicians, against their medical judgment, to tell patients information that is not supported by credible, peer-reviewed scientific evidence; and forces physicians to steer their patients considering an abortion to an organization and providers that are conducting informal research on human subjects that has not been approved and monitored by an institutional review board (IRB), contrary to professional norms and standards.

**Paul A. Isaacson, M.D.**
Family Planning Associates
1331 N. 7th Street, Suite 225
Phoenix, AZ 85006

Dr. Isaacson is a board-certified obstetrician/gynecologist, a Phoenix-based provider of abortion care, and an expert in abortion practice in Arizona. Dr. Isaacson will testify that complying with Senate Bill 1318 would compel him to make statements to his patients about so-called abortion reversal that he would not otherwise make; that these statements are contrary to his medical judgment and unsupported by credible, medical evidence; that these statements are untrue, misleading, and/or irrelevant to his patients' decision whether to choose abortion; and these statements hinder the process of informed consent.

(ii) Plaintiffs' witnesses who may be called at the hearing:

None.

(iii) Plaintiffs' witnesses who are unlikely to be called at the hearing

None.

B. Defendants' List of Witnesses

(i) Defendants witnesses who shall be called at the hearing:

**Expert Witnesses**

**George Delgado M.D., FAAFP**
362 W Mission Avenue Ste. 105
Escondido, CA

Dr. Delgado is a board certified doctor of Family Medicine. He will testify regarding his training, education, and experience in his fields of practice, including his experience as the Medical Director of the Abortion Pill Reversal Program and the clinical practice regarding APR. He will further testify regarding the mechanisms of action of mifepristone and progesterone and why those mechanisms support the theory of APR as to the ability of progesterone to reverse the effects of mifepristone. He will testify to current analogous uses of progesterone in supporting pregnancy and its use against anti-progesterones. He will testify regarding existing medical literature that supports APR. He will testify as to the clinical evidence that supports APR and the success rates of APR. He will testify regarding his peer reviewed published case series. He is expected to testify consistently with his Amended Declaration dated September 5, 2015 as to all issues contained therein and regarding the subjects discussed during his deposition. Dr. Delgado is expected to render his opinion with a reasonable degree of medical and scientific probability.

**Dr. John Thorp**
University of North Carolina at Chapel Hill
101 Manning Dr
Chapel Hill, NC 27514

Dr. Thorp is expected to testify regarding the rate at which mifepristone alone fails to end pregnancy.

**Fact Witnesses**

**Candy Campana**
8902 W. Fairmount Ave.
Phoenix AZ 85037

Ms. Campana is a successful patient of the APR program and mother of a healthy baby. Ms. Campana will testify regarding her experience with medication abortion, her regret after ingesting mifepristone, the fact that her abortion provider discouraged her from seeking treatment and indicated she could not proceed with her pregnancy. She will testify regarding her experience with APR. She is expected to testify consistently with her Declaration dated July 30, 2015 and her deposition.

**George Delgado M.D., FAAFP**
362 W Mission Avenue Ste. 105
Escondido, CA

Dr. Delgado is a board certified doctor of Family Medicine. He will testify regarding his training, education, and experience in his fields of practice, including his experience as the Medical Director of the Abortion Pill Reversal Program. He will testify regarding all aspect of the program, including but not limited to the initial contact from the potential patient, information obtained, attempting to locate a physician, records kept, and tracking patient information. He will also testify regarding his clinical experience with APR.

(i) Defendants' witnesses who may be called at the hearing:

None.

(ii) Defendants' witnesses who are unlikely to be called at the hearing

None.

C. Each party hereby acknowledges by signing this Joint Pre-Hearing Statement that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

**5. LIST OF EXHIBITS**

A. The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy:

<u>PLAINTIFFS' EXHIBITS</u>

**Exhibit No. 1:** Abortion Pill Reversal webpages: "Abortion Pill Reversal Questions," "Abortion Pill Reversal Success Stories," "How We Can Help," and "About Us."

**Exhibit No. 2:** ACOG Committee Opinion No. 419, "Use of Progesterone to Prevent Preterm Birth"

**Exhibit No. 3:** APR Program Case Report Forms (referenced at deposition of Dr. George Delgado, yet to be produced).

**Exhibit No. 4:** Arizona Department of Health Services, *Arizona Health Status and Vital Statistics: Ebook 2013*, 90-91 (Nov. 2014).

**Exhibit No. 5:** Arizona Department of Health Services webpage, "A Woman's Right to Know: Additional Resources"

**Exhibit No. 6:** Arizona Department of Health Services webpage, "A Woman's Right to Know: Making an Informed Decision"

**Exhibit No. 7:** Arizona Senate Bill 1318

**Exhibit No. 8:** CV of Dr. Courtney Schreiber, M.D., M.P.H.

**Exhibit No. 9:** CV of Dr. George Delgado.

**Exhibit No. 10:** CV of Dr. Paul Isaacson.

**Exhibit No. 11:** CV of Dr. Steven Joffe, M.D., M.P.H.

**Exhibit No. 12:** PPAZ Medical Record of Candy Campana

DEFENDANTS' EXHIBITS

**Exhibit No. 13:** Code of Federal Regulations Title 45

**Exhibit No. 14**: CV George Delgado, M.D., F.A.A.F.P.

**Exhibit No. 15:** Food and Drug Administration, "Off-Label" and Investigational Use of Marketed Drugs, Biologics, and Medical Devices - Information Sheet (last updated June 25, 2014), *available at* http://www.fda.gov/RegulatoryInformation/Guidances/ucm126486.htm).

**Exhibit No. 16: SB 1318**

**Exhibit No. 17:** Mifeprex (mifepristone) Tablets, 200 mg Patient Agreement

**Exhibit No. 18:** PPAZ Medical Record of Candy Campana

**Exhibit No. 19:** Family Planning Associates informed consent forms

B. As to the following exhibits, the parties have reached the following stipulations:

PLAINTIFFS' EXHIBITS

None.

DEFENDANTS' EXHIBITS

None.

C. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

PLAINTIFFS' EXHIBITS

**Exhibit No. 20:** AAPLOG letter to ACOG regarding Mifeprex advocacy.

Objection: Defendants object for lack of foundation under FRE 104(b) and hearsay under FRE 802 because this webpage contains out of court statements and no listed witness may be qualified to lay foundation. Defendants object for lack of relevance under FRE 401 and 403 because the contents of this website are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 21:** Abortion Pill Reversal Program grant application

Objection: Defendants object for lack of relevance under FRE 401 and 403 because the APR procedures, and Plaintiff's ethical concerns regarding the same, are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 22:** Abortion Pill Reversal Program script and/or checklist for nurses answering the hotline.

Objection: Defendants object for lack of relevance under FRE 401 and 403 because the APR procedures, and Plaintiff's ethical concerns regarding the same, are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 23:** Abortion Pill Reversal Program training materials for nurses

Objection: Defendants object for lack of relevance under FRE 401and 403 because the APR procedures, and Plaintiff's ethical concerns regarding the same, are immaterial to the issues and not probative of any fact.

**Exhibit No. 24:** ACOG & ACOG Arizona Section, Medication Abortion Reversal Fact Sheet

Objection: Defendants object for lack of foundation under FRE 104(b) and hearsay under FRE 802 because these documents contain out of court statements and Defendant's experts may not be qualified to lay foundation.

**Exhibit No. 25:** American Life League webpage, "A Declaration of Pro-Life Physicians," http://www.all.org/get-involved/activist-materials/a-declaration-by-pro-life-physicians/.

Objection: Defendants objects for lack of foundation under FRE 104(b) and hearsay under FRE 802 because these web pages contain out of court statements and the listed witnesses may not be qualified or able to lay foundation. Defendants object for lack of relevance under FRE 401 and 403 because the contents of this website are immaterial to the issues and not probative of any fact at issue. Defendants object under FRE 610 because evidence of a witness's religious beliefs or opinion is not admissible to attack or support a witnesses' credibility

**Exhibit No. 25:** APR Program Kit [Christ 001113-001136]

Objection: Defendants object for lack of relevance under FRE 401 and 403 because the APR procedures, and Plaintiff's ethical concerns regarding the same, are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 26:** The Belmont Report: Ethical Principles and Guidelines for the Protection of Human Subjects of Research.

Objection: Defendants object for lack of relevance under FRE 401 and 403 because Plaintiff's ethical concerns regarding medication abortion reversal and the APR program are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 27:** Colette Wilson, Interview: Reversing the Effects of RU-486, LIFELINE (Life Legal Defense Foundation, Napa, CA) VOL. XXIV, NO. 1, Winter 2015

Objection: Defendants object for lack of foundation under FRE 104(b) and hearsay under FRE 802 because this webpage contains out of court statements and no listed witness may be qualified to lay foundation. Defendants object for lack of relevance under FRE 401 and 403 because the contents of this website are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 28:** Culture of Life Family Services web homepage, http://www.colfs.org/index.php

Objection: Defendants object for lack of relevance under FRE 401 and 403 because Dr. Delgado's membership in Culture of Life and the contents of this website are immaterial to the issues and not probative of any fact at issue. Defendant objects under FRE 610 because evidence of a witness's religious beliefs or opinion is not admissible to attack or support a witnesses' credibility

**Exhibit No. 29:** Email correspondence between Dr. Davenport and Dr. Delgado (referenced at deposition, yet to be produced).

Objection: Defendants object for hearsay under FRE 802 and FRE 401 and 403 because these emails may contain out of court statements by non-parties Dr. Delgado and Dr. Davenport and may contain irrelevant information. Defendants have redesignated Dr. Davenport as a non-testifying expert

**Exhibit No. 30:** Email correspondence between Dr. Davenport and Dr. Donna Harrison (referenced at deposition, yet to be produced).

Objection: Defendants object for hearsay under FRE 802 and FRE 401 and 403 because these emails may contain out of court statements by non-parties Dr. Delgado and Dr. Harrison and may contain irrelevant information. Defendants have redesignated Dr. Davenport as a non-testifying expert

**Exhibit No. 31:** Email correspondence between Dr. Davenport and Joel Brind (referenced at deposition, yet to be produced).

Objection: Defendants object for hearsay under FRE 802, 401 and 403 because these emails may contain out of court statements by non-parties and may contain irrelevant information. Defendants object for lack of relevance under FRE 401 and 403 because Plaintiff's ethical concerns regarding medication abortion reversal and the APR program are immaterial to the issues and not probative of any fact at issue. Defendants have redesignated Dr. Davenport as a non-testifying expert.

**Exhibit No. 32:** Email correspondence between Dr. Davenport and Dr. Matthew Harrison (referenced at deposition, yet to be produced).

Objection: Defendants object for hearsay under FRE 802 and FRE 401 and 403 because these emails may contain out of court statements by non-parties Dr. Delgado and Dr. Harrison and may contain irrelevant information. Defendants have redesignated Dr. Davenport as a non-testifying expert.

**Exhibit No. 33:** Email correspondence between Dr. Davenport and other physicians for the purpose of collecting data for the 2012 case series (referenced at deposition, yet to be produced).

Objection: Defendants object for hearsay under FRE 802, 401 and 403 because these emails may contain out of court statements by non-parties and may contain irrelevant information. Defendants have redesignated Dr. Davenport as a non-testifying expert.

**Exhibit No. 34:** Email correspondence between Dr. George Delgado and Dr. Allan Sawyer (referenced at deposition, yet to be produced).

Objection: Defendants object lack of relevance for FRE 401 and 403 because the contents of these emails are unknown and may be irrelevant or prejudicial. Defendant objects for hearsay under FRE 802 because these emails may contain out of court statements by non-parties Dr. Delgado and Dr. Sawyer. Defendants object for lack of relevance under FRE 401 and 403 because Plaintiff's ethical concerns regarding medication abortion reversal and the APR program are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 35:** NIH, National Cancer Institute webpage: "Abortion, Miscarriage, and Breast Cancer Risk," http://www.cancer.gov/types/breast/abortion-miscarriage-risk

Objection: Defendants object for lack of relevance under FRE 401 and 403 because the contents of this article are immaterial to the issues and not probative of any fact at issue. Defendants object for lack of foundation under FRE 104(b) and hearsay under FRE 802 because this webpage contains out of court statements and no listed witness may be qualified to lay foundation.

**Exhibit No. 36:** Paul Sisson, *Doctor Began Abortion Reversal Movement,* The San Diego Union-Tribune (April 11, 2015).

Objection: Defendants object for lack of foundation under FRE 104(b) and hearsay under FRE 802 because this webpage contains out of court statements and no listed witness may be qualified to lay foundation. Defendants object for lack of relevance under FRE 401 and 403 because the contents of this website are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 37:** U.S. Department of Health and Human Services, Office for Human Research Protections, "FAQs on Informed Consent," http://www.hhs.gov/ohrp/policy/consentfaqsmar2011.pdf.

Objection: Defendants object for relevance FRE 401 and 403 and lack of foundation under FRE 104(b) and hearsay under FRE 802 because these documents contain out of court statements and Defendant's experts may not be qualified to lay foundation. Defendants object for relevance under FRE 401 and 403 because Plaintiff's ethical concerns are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 38:** U.S. Department of Health and Human Services, Office for Human Research Protections, "FAQs on Investigator Responsibilities," http://www.hhs.gov/ohrp/policy/investigatorfaqsmar2010.pdf.

Objection: Defendants object for relevance FRE 401 and 403 and lack of foundation under FRE 104(b) and hearsay under FRE 802 because these documents contain out of court statements and Defendant's experts may not be qualified to lay foundation. Defendants object for relevance under FRE 401 and 403 because Plaintiff's ethical concerns are immaterial to the issues and not probative of any fact at issue.

**Exhibit No. 39:** U.S. Department of Health and Human Services, Office for Human Research Protections, IRB Guidebook.

Objection: Defendants object for relevance FRE 401 and 403 and lack of foundation under FRE 104(b) and hearsay under FRE 802 because these documents contain out of court statements and Defendant's experts may not be qualified to lay foundation. Defendants object for relevance under FRE 401 and 403 because Plaintiff's ethical concerns are immaterial to the issues and not probative of any fact at issue.

DEFENDANTS' EXHIBITS

**Exhibit No. 40:** Delgado APR information Bates Numbers Christ000135-001143

Objection: Plaintiffs object on grounds of hearsay. The exhibit is hearsay because it consists entirely of out-of-court statements that are offered for the truth of the matters asserted. The medical records exception to the hearsay rule, Fed. R. Evid. 803(4), does not apply, because the Abortion Pill Reversal Program employees answering the hotline do not diagnose or treat callers, but instead refer callers to physicians for diagnosis and/or treatment. *See United States v. Tome*, 61 F.3d 1446, 1451 (10th Cir. 1995) (caseworker's testimony did not satisfy Rule 803(4) because the caseworker "neither diagnosed nor treated A.T. She . . . spoke to A.T. two times, after which '[t]he case was sent on to an ongoing protection worker.' Clearly, Ecklebarger did not treat A.T. in any way. Nor did Ecklebarger diagnose A.T. Indeed, Ecklebarger referred the child to Dr. Kuper for a medical opinion regarding the allegations of abuse."). Additionally, many of the statements recorded in the records are not made by patients to their treating physicians, but rather are second-hand reports made by the treating physicians to the staff of the Abortion Pill Reversal Program. *See Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1274 (8th Cir. 1990) ("to fall within the exception, the statement must be obtained from the person seeking treatment . . ."). Likewise, the business records exception, Fed. R. Evid. 803(6), does not apply, because the documents in Exhibit 29 lack the necessary indicia of trustworthiness required by the business records exception, see Fed. R. Evid. 803(6)(E). In particular, many of the records in Exhibit 29 are contradicted by other Abortion Pill Reversal Program documents Defendants also seek to introduce, such as Defendants' exhibits 30 and 31, and the documents are handwritten records created by a number of different Abortion Pill Reversal Program staffers based on reports from unknown persons in dozens of different physicians' practices.

**Exhibit No. 41:** Delgado updated case reports 2013-2015

Objection: Defendants have not produced these documents to Plaintiffs, despite Plaintiffs' repeated requests for production, and should therefore not be permitted to rely

upon these documents. Should Defendants be allowed to rely upon these documents, Plaintiffs reserve the right to object to their admission on the following grounds. The exhibit is likely to contain hearsay because it likely consists entirely of out-of-court statements that are offered for the truth of the matters asserted. The medical records exception to the hearsay rule, Fed. R. Evid. 803(4), does not apply, as the statements that Plaintiffs understand are recorded in the records are not made by patients to their treating clinicians, but rather second-hand reports made by the treating clinicians to the staff of the Abortion Pill Reversal Program. *See Stull*, 906 F.2d at 1274. Likewise, the business records exception, Fed. R. Evid. 803(6), does not apply, because the reports pertain to activities of clinicians treating patients in their own practices, and not at the Abortion Pill Reversal Program. *See Petrocelli v. Gallison*, 679 F.2d 286, 290 (1st Cir. 1982) (declining to admit medical records as business records where statements contained therein were not those of the physicians at the hospital creating the record). Moreover, similar documents were frequently contradicted by other handwritten Abortion Pill Reversal Program documents Defendants also seek to introduce, such as Defendants' exhibits 30 and 31, and thus lack the necessary indicia of trustworthiness required by the business records exception, *see* Fed. R. Evid. 803(6)(E).

**Exhibit No. 42:** Delgado updated spreadsheets 2012-2015

Objection: Plaintiffs object on the following grounds. In violation of Fed. R. Civ. P. 34(b)(2)(E), Defendants have produced this exhibit – composed of three electronic spreadsheets maintained in Microsoft Excel format – neither in the form in which it is ordinarily maintained nor in a reasonably usable form. Rather, Defendants have a produced it in the form of a PDF (or a scanned printout of a PDF) which is dozens of pages long, with page breaks at arbitrary intervals and the pages in no identifiable order, and the rows and columns on each page unlabeled. Consequently, it is not possible to know to which of the spreadsheet's rows and columns any of the data within it belong, nor even how many rows and columns there are. This directly violates the rule, which prohibits a party from "convert[ing] electronically stored information from the form in which it is ordinarily

maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Advisory Committee Notes to 2006 Amendment of Rule 34. *See also Fraserside IP LLC v. Gamma Entm't*, 286 F.R.D. 416, 419 (N.D. Iowa 2012) (under Rule 34(b)(2)(E) a party "is entitled to more than a copy of a PDF of a screen grab of the information," and noting Excel documents should be produced in their native format) (internal punctuation omitted). Moreover, the exhibit purports to contain annual summaries of the records contained within Defendants' exhibits 40 and 41. They are thus objectionable for all the reasons offered by way of objection to Defendants' exhibits 40 and 41. Additionally, information in the pre-updated 2012-2015 spreadsheets produced by Defendants contradicts the records contained within Defendants' exhibits 40 and 41, and thus the updated spreadsheets likely lack the necessary indicia of trustworthiness required by the business records exception, *see* Fed. R. Evid. 803(6)(E).

**Exhibit No. 43:** Delgado & Davenport, *Progesterone Use to Reverse the Effects of Mifepristone*, Annals of Pharmacotherapy, V.46 (Dec. 2012).

Objection: Plaintiffs object on grounds of hearsay. The exhibit is hearsay because it consists entirely of an out-of-court statement that is offered for the truth of the matters asserted; to the extent it is offered for any non-hearsay purpose, it is not relevant. To the extent Defendants seek to characterize the exhibit as a learned treatise, periodical, or pamphlet under Fed. R. Evid. 803(18), it is not admissible because (1) the exhibit has not been "established as a reliable authority" by any expert's testimony or judicial notice, and (2) under Rule 803(18), a statement in a learned treatise may be read into evidence but may not be received as an exhibit.

**Exhibit No. 44:** Mifeprex (mifepristone) Tablets, 200 mg

Objection: Plaintiffs object on grounds of hearsay. The exhibit is hearsay because it consists entirely of an out-of-court statement that is offered for the truth of the matters asserted; to the extent it is offered for any non-hearsay purpose, it is not relevant. Plaintiffs also object that this exhibit is not self-authenticating and that no listed witness may be

available to testify from personal knowledge that it is what it purports to be – namely the current, FDA-approved label for Mifeprex.

**Exhibit No. 45:** Statute and Legislative History

Objection: Plaintiffs do not object to the Statute. As to the "legislative history," Plaintiffs object on grounds of hearsay and improper expert testimony. The exhibit is hearsay because it consists entirely of an out-of-court statement that is offered for the truth of the matters asserted; to the extent it is offered for any non-hearsay purpose, it is not relevant. The exhibit likewise contains double hearsay (the out-of-court declarant's statements concerning conversations between an unidentified patient and the staff at an abortion clinic in addition to conversations with other individuals). The exhibit is likewise inadmissible under Fed. R. Evid. 702 because it contains Dr. Sawyer's expert opinions about the capacity of progesterone to "reverse" the effects of mifepristone, but Dr. Sawyer has not been disclosed as an expert and cannot be subjected to cross-examination to assess whether his testimony meets the requirements of Fed. R. Evid. 702.

D. Each party hereby acknowledges by signing this Joint Pre-Hearing Statement that any objections not specifically raised herein are waived.

**6. DEPOSITIONS TO BE OFFERED**

A. Depositions That May Be Used at the Hearing:

The parties do not intend to offer depositions into evidence. The parties expect that they may use the depositions of each of the six witnesses for impeachment purposes.

B. Each party hereby acknowledges by signing this Joint Pre-Hearing Statement that any deposition not listed as provided herein will not be allowed at the hearing, absent a showing of good cause.

Dated: October 9, 2015

Respectfully submitted,

By */s/ Diana Salgado*
Diana Salgado
Planned Parenthood Federation of America
Attorney for Plaintiffs

By */s/ Douglas V. Drury (with permission)*
Douglas V. Drury
Mueller & Drury, P.C.
Attorney for Defendants

Daniel B. Pasternak
AZ Bar No. 023751
Lawrence Rosenfeld
AZ Bar No. 004426
SQUIRE PATTON BOGGS (US) LLP
1 E. Washington Street, Ste. 2700
Phoenix, Arizona 85004
(602) 528-4000
lawrence.rosenfeld@squirepb.com
daniel.pasternak@squirepb.com
*Attorneys for Planned Parenthood Arizona, Inc.*

Diana Salgado*
PLANNED PARENTHOOD FEDERATION OF AMERICA
434 W. 33rd Street,
New York, NY 10001
(212) 541-7800
diana.salgado@ppfa.org
*Attorney for Planned Parenthood Arizona, Inc.*

Alice Clapman*
Helene T. Krasnoff*
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue NW, Suite 300
Washington, DC 2005
(202) 973-4800
alice.clapman@ppfa.org
helene.krasnoff@ppfa.org
*Attorneys for Planned Parenthood Arizona, Inc.*

Douglas V. Drury, Esq.
Mueller & Drury, P.C.
8110 East Cactus Rd., Ste. 100
Scottsdale, AZ 85260-5210
dougdrury@muellerdrury.com
*Attorney for Cara M. Christ*

Kevin D. Ray
Office of the Attorney General
Education and Health Section - Health Unit
1275 W Washington St.
Phoenix, AZ 85007-2926
Kevin.Ray@azag.gov
*Attorney for Cara M. Christ and Mark Brnovich*

Aubrey Joy Corcoran
Office of the Attorney General – Phoenix – Civil
1275 W Washington St.
Phoenix, Arizona 85007-2926
AubreyJoy.Corcoran@azag.gov
*Attorney for Cara M. Christ and Mark Brnovich*

John R. Tellier
Office of the Attorney General – Phoenix
1275 W Washington St.
Phoenix, Arizona 85007-2997
John.Tellier@azag.gov
*Attorney for Donna Brister, Douglas Cunningham, Edward G. Paul, Gary*

*Erbstoesser, Gary R. Figge, James Gilliard, Jenna Jones, Jerry G. Landau, Jodi A. Bain, Lew Riggs, Lois Krahn, Mark D. Berg, Martin B. Reiss, Patricia E. McSorley, Paul S. Gerding, Richard T. Perry, Robert E. Fromm, Scott Steingard, Screven Farmer, Vas Sabeeh, Wanda J. Salter*

David Brown*
Hillary Schneller*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3600
dbrown@reprorights.org
hscheller@reprorights.org
*Attorneys for Paul A. Isaacson, M.D*

Andrew Beck*
Talcott Camp*
Brigitte Amiri*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org

*Attorneys for Eric Reuss, M.D., M.P.H.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Victoria Lopez
AZ Bar No. 330042**
Daniel Pochoda
AZ Bar No. 021979
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
(602) 650-1854
dpochoda@acluaz.org
vlopez@acluaz.org

*Attorneys for Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

**Admitted pro hac vice*
*** Admitted pursuant to Ariz. Sup. Ct. R. 38(f)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

*/s David Brown*
David Brown