MARK BRNOVICH
Attorney General
Firm State Bar No. 14000

JOHN R. TELLIER
Assistant Attorney General
State Bar No. 005959
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-7031
Fax: (602) 364-3202
John.Tellier@azag.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Planned Parenthood Arizona, Inc., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Mark Brnovich, Arizona Attorney General, in his official capacity, *et al*. <br><br> Defendants. | Case No. CV-15-01022-PHX-SPL <br><br> **MEMORANDUM RE: MOOTNESS ISSUE ON BEHALF OF DEFENDANT MEMBERS OF THE ARIZONA MEDICAL BOARD, THE ARIZONA BOARD OF OSTEOPATHIC EXAMINERS IN MEDICINE AND SURGERY, AND THE EXECUTIVE DIRECTORS OF EACH BOARD** |

In accordance with the Court's Order dated October 9, 2015 [Dkt. No. 95], the Defendant Members of the Arizona Medical Board, the Arizona Board of Osteopathic Examiners in Medicine and Surgery, and the Executive Directors of each board, hereby submit this memorandum on the mootness issue. The mootness doctrine does not apply, and the pending motions filed by the Defendants should be heard.

The twin pillars of "standing" and "case or controversy" go to the heart of Article III jurisdiction. *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). Although mootness and standing are separate justiciability requirements, they share the component of a necessary "personal interest" in the outcome of the litigation. *La Duke v.*

*Nelson*, 762 F.2d 1318, 1326 (9th Cir. 1985). Mootness can be characterized as "the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Id.*, quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). More importantly, the question of standing is not subject to waiver; federal courts are under an independent obligation to examine their own jurisdiction and standing is perhaps the most important of the jurisdictional doctrines. *United States v. Hays*, 515 U.S. 737, 742 (1995); *FW/PBS, Inc. v. Dallas*, 498 U.S. 215, 230-231 (1990). A federal court must satisfy itself of its own jurisdiction even though the parties are prepared to concede it. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997). Quite simply, parties cannot, whether intentionally or inadvertently, stipulate away the standing issue.

*D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) is on point. During the course of the litigation, the parties negotiated a consent decree which resolved several issues, but left others for future court action. The decree was silent on the issue of standing. However, the 9th Circuit held that whatever the effect of the parties agreement, the court remained under a continuing obligation to examine its jurisdiction because the issue of standing cannot be waived. 538 F.3d at 1036.

The same is true with respect to the Osteopathic Board's motion to dismiss for lack of standing. The agreement to allow the entry of a preliminary injunction, like the consent decree in *D'Lil*, does not impact or waive the standing issue. The issue of

whether a permanent injunction will be granted remains before the court. So too, does the issue of standing.

Indeed, no part of this case should fall under the mootness doctrine. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Mootness typically arises through a change of circumstances such that the underlying facts giving rise to the case or controversy no longer exist. *See, e.g., Arizonans for Official English v. Arizona*, *supra* (when state employee who initiated suit voluntarily left her employment issue became moot); *DeFunis v. Odegaard*, 416 U.S. 312 (1974)(case moot when student subsequently admitted to law school was about to graduate). No such factual changes have occurred here. Further, the case remains "live" -- the Court's determination of the ultimate issues remains for future determination.

Finally, there is no indication in the stipulation that any of the defendants intended to waive or give up the positions previously set forth -- the various motions that were filed. Those motions were fully briefed and ready for determination before the stipulation. Certainly there is nothing before the Court to suggest that the defendants have "engage[d] in conduct so inconsistent with [the] right [to have the pending motions decided] as to induce a reasonable belief that it has been relinquished. *Mardirosian v. Lincoln Nat'l Life Ins. Co.*, 739 F.2d 474, 477 (9th Cir. 1984). Agreeing to a temporary order during the pendency of litigation until a final adjudication simply cannot be equated with an abandonment of the positions espoused in the prior motions. Rather, the "final

adjudication" contemplated by the stipulation would encompass positive rulings on the motions to dismiss filed by the defendants.

Respectfully submitted this 14th day of October, 2015.

                                    MARK BRNOVICH
                                    Attorney General

                                    */s/ John R. Tellier*
                                    John R. Tellier
                                    Assistant Attorney General
                                    Attorney for the Members of the Arizona State Board of Osteopathic Examiners in Medicine and Surgery, the Arizona Medical Board, and their executive directors

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmission to the following:

Douglas V. Drury
Mueller & Drury, P.C.
8110 E Cactus Rd., Suite 100
Scottsdale, AZ 85260
dougdrury@muellerdrury.com
*Attorney for Cara M. Christ and the*
*Arizona Department of Health Services*

Lawrence Rosenfeld
Daniel B. Pasternak
Squire Patton Boggs (US) LLP
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Lawrence.rosenfeld@squirepb.com
Daniel.pasternak@squirepb.com

Diana Salgado
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY 10001
Diana.salgado@ppfa.org

4

| | |
|---|---|
| 1 | Alice Clapman |
| | Helene T. Krasnoff |
| 2 | Planned Parenthood Federation of America |
| | 1110 Vermont Avenue NW, Suite 300 |
| 3 | Washington, D.C. 20005 |
| | Alice.clapman@ppfa.org |
| 4 | Helen.krasnoff@ppfa.org |
| | *Attorneys for Planned Parenthood Arizona, Inc.* |
| 5 | |
| | David Brown |
| 6 | Hillary Schneller |
| | Center for Reproductive Rights |
| 7 | 199 Water Street, 22nd Floor |
| | New York, NY 10038 |
| 8 | dbrown@reprorights.org |
| | hschneller@reprorights.org |
| 9 | *Attorneys for Paul A. Isaacson, M.D.* |

Andrew Beck
Susan Talcott Camp
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org
*Attorneys for Eric Reuss, M.D., M.P.H.;*
*Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Daniel Pochoda
Victoria Lopez
American Civil Liberties Union Foundation of Arizona
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
dpochoda@acluaz.org
vlopez@acluaz.org
 *Attorneys for Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.;*
*Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

Kimberly A. Parker
Tiffany Payne
Skye Lynn Perryman
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Kimberly.parker@wilmerhale.com
Tiffany.payne@wilmerhale.com
Skye.perryman@wilmerhale.com

Kevin Ray
Aubrey Joy Corcoran
1275 W. Washington
Phoenix, AZ 85007

5

1 | Kevin.ray@azag.gov
2 | AubreyJoy.corcoran@azag.gov
3 |
4 | Filed By:*S.Khan*
  | #4714588