1
2
3
4
5
6

Douglas V. Drury, Esq.
MUELLER & DRURY, P.C.
8110 East Cactus Road, Ste. 100
Scottsdale, AZ  85260-5210
mdlaw@muellerdrury.com
(480) 368-5511
State Bar No. 011461
Attorney for Defendant Cara M. Christ,
Director of the Arizona Department of Health Services,
in her official capacity

7
8
9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

| | |
|---|---|
| Planned Parenthood Arizona, Inc.; Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D., Desert Star Family Planning, LLC; DeShawn Taylor, M.D.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Mark Brnovich, Arizona Attorney General, in his official capacity; Cara M. Christ, Director of the Arizona Department of Health Services, in her official capacity; Patricia E. McSorley, Executive Director of the Arizona Medical Board, in her official capacity; Richard T. Perry, M.D. Medical Board Chair, in his official capacity; James Gillard M.D., Medical Board Vice Chair, in his official capacity; Jodi A. Bain, Medical Board Member, in her official capacity; Marc D. Berg, M.D., Medical Board Member, in his official capacity; Donna Brister, Medical Board Member, in her official capacity; R. Screven Farmer, M.D., Medical Board Member, in his official capacity; Gary R. Figge, M.D. Medical Board Member, in his official capacity; Robert E. Fromm, M.D., Medical Board Member, in his official | Case No.: 2:15-CV-01022-SPL<br><br>**DEFENDANT'S NOTICE OF OPPOSITION TO CONSOLIDATION** |

capacity; Paul S. Gerding, Medical Board Member, in his official capacity; Lois Krahn, M.D. Medical Board Member, in her official capacity; Edward G. Paul, M.D. Medical Board Member, in his official capacity; Wanda J. Salter, Medical Board Member, in her official capacity; Jenna Jones, Executive Director of the Arizona Board of Osteopathic Examiners in Medicine and Surgery, in her official capacity; Scott Steingard, D.O., Board of Osteopathic Examiners in Medicine and Surgery President, in his official capacity; Douglas Cunningham, D.O.; Board of Osteopathic Examiners in Medicine and Surgery Vice President, in his official capacity; Gary Erbstoesser, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Jerry G. Landau, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Martin B. Reiss, D.O. Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Lew Riggs, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Vas Sabeeh, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity,

                    Defendants.

Pursuant to the Court's October 9, 2015 Order, Defendant Cara M. Christ opposes consolidation of the Preliminary Injunction hearing with the ultimate trial on the merits for three independent reasons: (1) Plaintiffs' motion to supplement their complaint remains pending; (2) expert witness selection and discovery remain ongoing; and (3) neither party sought a consolidation.  It would harm, rather than advance, the interests of justice if the Court proceeded directly to trial, forcing Defendants to prepare and try this lawsuit on an incomplete record.

1. <u>Plaintiffs Motion to Supplement the Complaint remains pending.</u>[1]

Central to Plaintiffs' Complaint is the A.R.S. §36-2153(i) requirement that they notify their patients of the DHS website and their claim that it contains false information; but the contents of that website are not yet before this Court. The information from the website is far more extensive than the simple statement required by Subsection (h). Defendants relied on this procedural posture during discovery.[2] Defendants did not submit Proposed Findings of Fact and Conclusions of Law regarding Plaintiffs supplemental allegations regarding the website as such are not yet before the Court and could not properly be included. Defendants would seek discovery

---

[1] Plaintiffs sought to enjoin implementation of A.R.S §36-2153(A)(h)(i) but did not include information regarding the website at issue because it had not yet posted. The information posted to the website on July 3, 2015.  Plaintiffs waited until September 3, 2015, to move to supplement their Complaint to include website information. (Dkt. 81). Plaintiffs filed the Motion after agreed expert witness deadlines for the preliminary hearing had passed. Defendants did not object to the timing of the Motion because that information was not included in the Motion for Preliminary Injunction.

[2] Likely due to this procedural posture, Plaintiffs experts did not mention the website content in their declarations or depositions.  Plaintiffs only fact witness Dr. Paul Isaacson did not claim to have viewed the website and did not mention its ARP content in his declaration or his October 16, 2015 deposition. When asked whether he would testify as to any other expert opinions or factual information he replied "not that I can think of."  Defendants would object to any of Plaintiffs' current witnesses attempting to offer opinions or testify as to the website content without additional disclosure.

1

1   on this issue if the Court grants the Motion to Supplement.[3]

2       2. <u>Expert witness selection and discovery remain ongoing</u>.[4]

3         Prior to the October 9, 2015 Order, Defendants re-designated their primary

4   expert Dr. Mary Davenport from a testifying expert to a consulting expert under Rule

5   26(D), Federal Rules of Civil Procedure and were in the process of seeking new

6   expert(s) for trial on the issues for which she provided opinions, again, relying on the

7   current procedural status.[5]  Defendants will be prejudiced by proceeding to a final trial

8   on the merits without an opportunity to obtain and adduce critical expert opinion

9   evidence. The agreement to enter into the Preliminary Injunction was based primarily

10  _____

11  [3] Plaintiffs have not yet disclosed the portions of the web site to which they object and

12  have not designated any witnesses on this issue.  There are distinct issues that exist as to

13  the website.  Defendants would depose Plaintiffs' witnesses and would list additional
    witnesses and exhibits on this issue.  The Act seeks, *inter alia*, to inform women who

14  change their mind about abortion that the baby can survive if the mother has taken the
    first drug in the abortion regimen (mifepristone) but has not taken the second drug

15  (misoprostol), usually taken 24-48 hours after mifepristone.  Abortion providers often
    give false information regarding this issue; telling their patients that the fetus will not

16  survive (Plaintiffs admit that the fetus can survive mifepristone in a substantial number
    of cases) or that (contrary to existing medical evidence) the baby will have birth defects

17  from mifepristone if they continue the pregnancy.  The first items on the linked website
    state "It may not be too late" and "if you have taken the abortion bill it may not be too

18  late."  This issue (1) goes directly to whether Plaintiffs can stand as advocates for their
    patients and (2) independently supports the need for the State to provide the information

19  contained in the website.

20  [4] Plaintiffs requested the language in the October 8, 2015 Stipulation (Dkt. 94) seeking
    a scheduling conference and a proposed scheduling order for trial.

21  [5] Although she is a skilled clinician and fully understands the relevant studies and

22  theories behind the APR practice, Defendants became concerned regarding this and
    other issues following Dr. Davenport's September 18, 2015 deposition (after the

23  deadline to name experts for the Preliminary Hearing) that Dr. Davenport did not have
    the publication and research background and experience to survive a *Daubert*

24  challenge.  When Plaintiffs removed exhibits pertaining to Dr. Davenport from their

25  exhibit list on October 7, 2015 and objected to Dr. Davenport's testimony it was
    apparent that they would likely file a *Daubert* challenge.

on *Daubert* concerns and the need to obtain additional expert(s) on information critical to the case. In the interest of judicial economy, rather than going through a preliminary hearing without this expert, Defendants decided to re-designate and seek new expertise for the trial.  The procedural status has left Defendants without their expert and without time to obtain new expert(s) on these and any website issues.

A party may substitute an expert witness so long as the substitution is substantially justified or is harmless and generally may do so up to 90 days before trial. FRCP 26(a)(2), *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009); see also *Fonseca v. Sysco Food Servs.*, 374 F.3d 840, 845-46 (9th Cir. 2004), *In re Porter McLeod, Inc.*, 196 F.R.D. 389, 390 (D. Colo. 2000) (denial of substitution would result in "manifest injustice" where the opposing party had sufficient notice of the substituted expert's area of expertise).[6]

Other issues remain pending.  Plaintiffs claim that a portion of the abortion pill reversal program is unethical because Dr. George Delgado needed, but did not have, approval from an Institutional Review Board ("IRB") regarding his evidence gathering; thus he allegedly engaged in "unlawful human experimentation."   Although Dr. Delgado disagrees that an IRB was required, he sought IRB approval in part to allay concerns from others such as Plaintiffs. He has received indication that he will have IRB approval shortly.  In part, Defendants stipulated to the Preliminary Injunction and sought a trial date anticipating that this issue will be resolved in the coming weeks, mooting Plaintiffs' claim of unethical behavior.

_____

[6] Defendants' substituted expert(s) would provide testimony on the same theories and evidence that have already been disclosed to Plaintiffs; the theoretical and medical evidence that progesterone can reverse the effects of mifepristone and the rate at which mifepristone alone fails to terminate fetal life.  Delay is not harmful to Plaintiffs with a Preliminary Injunction in effect.

1    Defendants would have listed additional witnesses for a final trial (including

2 Arizona doctors performing APR and, if the Complaint is Supplemented, women who

3 have been given false information under the circumstances at issue),[7] additional experts

4 as noted and exhibits (including medical records). Defendants had contacted Arizona

5 doctors who perform APR and one expert prior to the Court's October 9, 2015 Order.

6    3.  Neither party sought consolidation.

7    Previously, Plaintiffs raised the possibility of consolidating the preliminary

8 hearing with a trial on the merits, but indicated that the October 21, 2015 preliminary

9 hearing date would need to be continued (with a temporary order in place) because the

10 case would not be ready for a final trial by that date. Defendants agreed that the matter

11 would not be ready, but the parties did not reach an agreement to consolidate.

12    A party "is not required to prove his case in full at a preliminary-injunction

13 hearing…it is generally inappropriate for a federal court at the preliminary-injunction

14 stage to give a final judgment on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390,

15 395 (1981). Consolidation is appropriate particularly if the parties consent, if discovery

16 has been concluded or if it is manifest that there is no occasion for discovery..."

17 *Pughsley v. 3750 Lake Shore Drive*, 463 F.2d 1055, 1057 (7th Cir. 1972) The District

18 Court has power to consolidate "so long as the procedures do not result in prejudice to

19 either party." *Glacier Park Foundation v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981).

20    The interests of justice and of the public are not served by proceeding to final

21 judgment where the scope of matters before the Court is unsettled, the record will be

22 incomplete and expert testimony concerning key issues is not available.  Defendants

23 would be prejudiced by proceeding to trial on the date set.

24 ————————————

25 [7] Defendants attempted to list a new expert witness but Plaintiffs objected to
Defendants listing any additional witnesses based on the Court's October 9, 2015 order

4

1    DATED this 14TH day of October, 2015.

2                                        MUELLER & DRURY, P.C.

3                                        By /s/ Douglas V. Drury
                                             Douglas V. Drury
4

5    A copy of the foregoing was mailed/*emailed this

6    14th day of October, 2015 to:

7
     Diana Salgado
8    Planned Parenthood Federation of America
     434 W 33rd St.
9    New York, NY  10001
     Diana.salgado@ppfa.org
10   Attorney for Planned Parenthood Arizona, Inc.

11
     Alice Clapman
12   Helene T. Krasnoff
     Planned Parenthood Federation of America
13   1110 Vermont Avenue NW, Stes. 300
     Washington, DC 20005
14   alice.clapman@ppfa.org
     helene.krasnoff@ppfa.org
15   Attorneys for Planned Parenthood Arizona, Inc.
16

17   David Brown
     Hillary Schneller
18   Center for Reproductive Rights
     199 Water Street 22nd Floor
19   New York, NY  10038
     dbrown@reprorights.org
20   hschneller@reprorights.org
     Attorneys for Paul A. Isaacson, M.D.
21

22

23

24

25
     _____

     because they would not have the opportunity to engage in discovery.

                                   5

1

Andrew Beck
Susan Talcott Camp
2
Brigitte Amiri
3   American Civil Liberties Union Foundation
125 Broad Street 18th Floor
4   New York, NY  10004
abeck@aclu.org
5   tcamp@aclu.org
6   bamiri@aclu.org
Attorneys for Eric Reuss, M.D., M.P.H.,
7   Desert Star Family Planning, LLC and
DeShawn Taylor, M.D.
8

9   Daniel Pochoda
Victoria Lopez
10  American Civil Liberties Union Foundation of Arizona
PO Box 17148
11  Phoenix, AZ  85011
dpochoda@acluaz.org
12  vlopez@acluaz.org
13  Attorneys for Eric Reuss, M.D., M.P.H.
Paul A. Isaacson, M.D.; Desert Star Family Planning,
14  DeShawn Taylor, M.D.

15

Aubrey Joy Corcoran
16  Office of the Attorney General - Phoenix - Civil
1275 W Washington St.
17  Phoenix, AZ 85007
AubreyJoy.Corcoran@azag.gov
18  Attorney for Cara Christ and Mark Brnovich

19

Daniel Benjamin Pasternak
20  Lawrence J. Rosenfeld
Squire Patton Boggs
21  1 E Washington Ste. 2700
Phoenix, AZ  85004
22  Attorneys for Desert Family Planning, Planned
23  Parenthood Arizona, DeShawn Taylor M.D.,
Eric Reuss, Paul Isaacson

24

25

Kevin D Ray
Office of the Attorney General
Education and Health Section - Health Unit
1275 W Washington St.
Phoenix, AZ 85007-2926
Kevin.Ray@azag.gov
Attorney for Cara M. Christ
Mark Brnovich


John R. Tellier
Office of the Attorney General – Phoenix
1275 W Washington Street
Phoenix, AZ  85007-2997
John.Tellier@azag.gov
Attorney for Donna Brister, Douglas Cunningham, Edward G. Paul
Gary Erbstoesser, Gary R. Figge, James Gilliard, Jenna Jones, Jerry G. Landau,
Jodi A. Bain, Lew Riggs, Lois Krahn, Mark D. Berg, Martin B. Reiss,
Patricia E. McSorley, Paul S. Gerding, Richard T. Perry, Robert E. Fromm,
Scott Steingard, Screven Farmer, Vas Sabeeh, Wanda J. Salter


By  */s/ Rachelle Lumpp*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

s/Douglas V. Drury
Douglas V. Drury