MARK BRNOVICH
Attorney General
Firm Bar No. 14000

Kevin D. Ray (#007485)
Aubrey Joy Corcoran (#025423)
Assistant Attorneys General
Education and Health Section
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8328
Facsimile:  (602) 364-0700
Email: EducationHealth@azag.gov
*Attorneys for Mark Brnovich, Arizona Attorney General*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Planned Parenthood Arizona, Inc.; Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.; Desert Star Family Planning, LLC; DeShawn Taylor, M.D., <br><br>Plaintiffs, <br>vs. <br><br>Mark Brnovich, Arizona Attorney General, in his official capacity; Cara M. Christ, Director of the Arizona Department of Health Services, in her official capacity; Patricia E. McSorley, Executive Director of the Arizona Medical Board, in her official capacity; Richard T. Perry, M.D., Medical Board Chair, in his official capacity; James Gillard, M.D., Medical Board Vice Chair, in his official capacity; Jodi A. Bain, Medical Board Member, in her official capacity; Marc D. Berg, M.D., Medical Board Member, in his official capacity; Donna Brister, Medical Board Member, in her official capacity; R. Screven Farmer, M.D., Medical Board Member, in his official capacity; Gary R. | Case No. 2:15-cv-01022-SPL <br><br>**ARIZONA ATTORNEY GENERAL MARK BRNOVICH'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br>(Honorable Steven P. Logan) |

Figge, M.D. Medical Board Member, in his official capacity; Robert E. Fromm, M.D., Medical Board Member, in his official capacity; Paul S. Gerding, Medical Board Member, in his official capacity; Lois Krahn, M.D., Medical Board Member, in her official capacity; Edward G. Paul, M.D., Medical Board Member, in his official capacity; Wanda J. Salter, Medical Board Member, in her official capacity; Jenna Jones, Executive Director of the Arizona Board of Osteopathic Examiners in Medicine and Surgery, in her official capacity; Scott Steingard, D.O., Board of Osteopathic Examiners in Medicine and Surgery President, in his official capacity; Douglas Cunningham, D.O., Board of Osteopathic Examiners in Medicine and Surgery Vice President, in his official capacity; Gary Erbstoesser, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Jerry G. Landau, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Martin B. Reiss, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Lew Riggs, Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity; Vas Sabeeh, D.O., Board of Osteopathic Examiners in Medicine and Surgery Member, in his official capacity,

Defendants.

As to Plaintiffs' First Amended Complaint ("Complaint"), Defendant Mark Brnovich, Arizona Attorney General, hereby admits, denies and affirmatively alleges as follows:

## I. PRELIMINARY STATEMENT

1. Responding to paragraph 1 of the Complaint, Defendant admits that A.R.S. §§ 36-2153(A)(2)(h), (i) (the "Act") was scheduled to take effect on July 3, 2015, but has been preliminarily enjoined. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint, and avers that the Arizona law speaks for itself.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiffs seek a judgment that the Act is unconstitutional and seek to enjoin its enforcement. To the extent that there are additional factual allegations in paragraph 5 of the Complaint, Defendant denies the same.

## II. JURISDICTION AND VENUE

6. Defendant admits this Court has jurisdiction over this matter.

7. Defendant admits that venue is proper.

## III. THE PARTIES

### A. Plaintiffs

8. Defendant admits the allegation that PPAZ is licensed by the Department and the remainder of the allegations contained in the first two sentences of paragraph 8; except that Defendant does not have sufficient information to determine whether PPAZ is today the largest provider in the state and therefore denies said allegation. Defendant denies that PPAZ's physicians are licensed by the State of Arizona, and further alleges that even if they were, the State of Arizona is not a party to this action, nor could it be under the 11th Amendment to the United Sates Constitution or *Ex Parte Young*, 209 U.S. 123 (1908).

Defendant is without sufficient information to ascertain the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant admits the allegation that Desert Star is a licensed abortion clinic. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and therefore denies the same.

**B. Defendants**

12. Defendant admits that he is the Attorney General of the State of Arizona, that he is the "chief legal officer of the state," and that he is "the legal advisor of the departments of this state and render[s] such legal services as the departments require." A.R.S. § 41-192. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint is inapplicable to Defendant and he therefore denies the same.

14. Paragraph 14 of the Complaint is inapplicable to Defendant and he therefore denies the same.

15. Paragraph 15 of the Complaint is inapplicable to Defendant and he therefore denies the same.

16. Paragraph 16 of the Complaint is inapplicable to Defendant and he therefore denies the same.

17. Paragraph 17 of the Complaint is inapplicable to Defendant and he therefore denies the same.

### III. FACTUAL ALLEGATIONS

#### A. State-Mandated Informed Consent Process in Arizona

18. Responding to the allegations contained in paragraph 18 of the Complaint, Defendant avers only that the Arizona law speaks for itself.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint and avers that the Arizona law speaks for itself.

20. Responding to the allegations contained in paragraph 20 of the Complaint, Defendant avers only that the Arizona law speaks for itself.

21. Responding to the allegations contained in paragraph 21 of the Complaint, Defendant admits that ADHS posted information on the existing website as alleged. As to the statutory language, Defendant avers that the Arizona law speaks for itself.

22. Defendant admits the allegations in paragraph 22 of the Complaint regarding the content of the website information.

23. Defendant admits the allegations contain in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint and avers that the referenced Arizona laws speak for themselves.

#### B. Medical Facts About Abortion

26. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

1    29.    Defendant is without sufficient knowledge as to the truth of the
2 allegations contained in paragraph 29 of the Complaint and therefore denies the same.
3    30.    Defendant is without sufficient knowledge as to the truth of the
4 allegations contained in paragraph 30 of the Complaint and therefore denies the same.
5    31.    Defendant is without sufficient knowledge as to the truth of the
6 allegations contained in paragraph 31 of the Complaint and therefore denies the same.
7    32.    Defendant is without sufficient knowledge as to the truth of the
8 allegations contained in paragraph 32 of the Complaint and therefore denies the same.
9    33.    Defendant is without sufficient knowledge as to the truth of the
10 allegations contained in paragraph 33 of the Complaint and therefore denies the same.
11    34.    Defendant is without sufficient knowledge as to the truth of the
12 allegations contained in paragraph 34 of the Complaint and therefore denies the same.
13    35.    Defendant is without sufficient knowledge as to the truth of the
14 allegations contained in paragraph 35 of the Complaint and therefore denies the same.
15    36.    Defendant is without sufficient knowledge as to the truth of the
16 allegations contained in paragraph 36 of the Complaint and therefore denies the same.
17    37.    Defendant is without sufficient knowledge as to the truth of the
18 allegations contained in paragraph 37 of the Complaint and therefore denies the same.
19    **C. Facts About "Medication Abortion Reversal"**
20    38.    Defendant denies the allegations contained in paragraph 38 of the
21 Complaint.
22    39.    Defendant admits the allegations contained in paragraph 39 of the
23 Complaint.
24    40.    Defendant is without sufficient knowledge as to the truth of the
25 allegations contained in paragraph 40 of the Complaint and therefore denies the same.
26

41. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42. Defendant admits the allegation in paragraph 42 that an Arizona physician testified before the Legislature during a hearing about the Act. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant admits that an ACOG group opposes the procedure and affirmatively alleges that there is support for the procedure as well. Defendant is without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

D. **Impact of the Act**

48. Defendant denies the allegations contained in paragraph 48 of the Complaint and avers that the Arizona law speaks for itself.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and avers that the Arizona law speaks for itself.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint and avers that the Arizona law speaks for itself.

1      51.     Defendant denies the allegations contained in paragraph 51 of the
2 Complaint and avers that the Arizona law speaks for itself.
3      52.     Defendant admits the portion of paragraph 52 regarding the language
4 contained on the ADHS website.  Defendant denies the remaining allegations in paragraph 52
5 of the Complaint.
6      53.     Defendant denies the allegations contained in paragraph 53 of the
7 Complaint.
8      54.     Defendant denies the allegations contained in paragraph 54 of the
9 Complaint and avers that the Arizona law speaks for itself.
10     55.     Defendant denies the allegations contained in paragraph 55 of the
11 Complaint.
12     56.     Defendant is without sufficient knowledge as to the truth of the
13 allegation that the majority of Plaintiffs' abortion patients receives a surgical abortion and
14 therefore denies the same.  Defendant denies the remaining allegations contained in
15 paragraph 56 of the Complaint and avers that the Arizona law speaks for itself.
16     57.     Defendant is without sufficient knowledge as to the truth of the
17 allegations contained in paragraph 57 of the Complaint and therefore denies the same.
18     58.     Defendant denies the allegations contained in paragraph 58 of the
19 Complaint.
20     59.     Defendant is without sufficient knowledge as to the truth of the
21 allegations contained in paragraph 59 of the Complaint and therefore denies the same.
22     60.     Defendant denies the allegations contained in paragraph 60 of the
23 Complaint.
24     61.     Defendant denies the allegations contained in paragraph 61 of the
25 Complaint.
26

## V. CLAIMS FOR RELIEF

### COUNT I – FIRST AMENDMENT RIGHTS OF PHYSICIANS

62. Responding to the allegations contained in paragraph 62 of the Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through 61 of the Complaint as if set forth fully herein.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

### COUNT II – FOURTEENTH AMENDMENT RIGHTS OF PATIENTS

64. Responding to the allegations contained in paragraph 64 of the Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through 63 of the Complaint as if set forth fully herein.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

### COUNT III – FIRST AMENDMENT RIGHTS OF THE PATIENTS

66. Responding to the allegations contained in paragraph 66 of the Complaint, Defendant restates and incorporates herein his Answers to paragraphs 1 through 65 of the Complaint as if set forth fully herein.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies each and every allegation not specifically stated herein.

## VI. ANSWERING PLANTIFFS' REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## VII. AFFIRMATIVE DEFENSES

1. Jurisdiction over this action is not proper as to Plaintiffs' patients.

2. Plaintiffs' claims may be barred, in whole or in part, by lack of standing and/or lack of subject matter jurisdiction.

3. Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief may be granted.

4. Plaintiffs have failed to join necessary parties and other parties who must or may be joined.

5. Plaintiffs' claims are not ripe.

6. Plaintiffs have not presented an actual case or controversy.

7. Plaintiffs and their patients have not suffered any injury in fact.

8. The actions of the Arizona Legislature are entitled to deference. Duly passed legislation is presumed to be constitutional, and where possible should be given a construction that avoids constitutional difficulty.

9. Plaintiffs are not entitled to declaratory or injunctive relief against Defendant.

10. Plaintiffs may have failed to serve parties required by A.R.S. § 12-1841.

11. Plaintiffs' claims are barred by the 11th Amendment of the United States Constitution or *Ex Parte Young*, 209 U.S. 123 (1908).

12. Plaintiffs' prayer for relief is overbroad, seeking an injunction against A.R.S. §§36-2153(A)(2)(f) and (g) rather than against the subsections they claim are unconstitutional, §§(h) and (i).

13. Defendant additionally alleges any other affirmative defenses that may come to light during discovery.

WHEREFORE, Defendant requests that the Court enter judgment against any or all Plaintiffs and in favor of Defendant on all claims of the Complaint, as follows:

1. Dismissing all claims of the Complaint with prejudice;

2. Denying the Plaintiffs any relief;

3. Awarding Defendant his taxable costs from the earliest date and from the highest rate allowed by law;

4. Awarding Defendant his reasonable attorneys' fees to the extent provided by law; and

5. Awarding Defendant any other and further relief that the Court deems just and proper.

Dated this 18th day of April, 2016.

MARK BRNOVICH
Attorney General

 /s/ Kevin D. Ray
Aubrey Joy Corcoran
Kevin D. Ray

Assistant Attorneys General
*Attorneys for Mark Brnovich, Arizona Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmission to the following:

Lawrence Rosenfeld
Daniel B. Pasternak
Squire Patton Boggs (US) LLP
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
lawrence.rosenfeld@squirepb.com
daniel.pasternak@squirepb.com
*Attorneys for Planned Parenthood Arizona, Inc.*

Diana Salgado
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
diana.salgado@ppfa.org
*Attorneys for Planned Parenthood Arizona, Inc.*

Alice Clapman
Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, D.C. 20005
alice.clapman@ppfa.org
helen.krasnoff@ppfa.org
*Attorneys for Planned Parenthood Arizona, Inc.*

David Brown
Hillary Schneller
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
dbrown@reprorights.org
hschneller@reprorights.org
*Attorneys for Paul A. Isaacson, M D.*

Andrew Beck
Susan Talcott Camp
Brigitte Amiri
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
abeck@aclu.org
tcamp@aclu.org
bamiri@aclu.org
*Attorneys for Eric Reuss, M.D., M.P.H;*
*Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

1  Daniel Pochoda
   Victoria Lopez
2  American Civil Liberties Union Foundation of Arizona
   3707 N. 7th Street, Suite 235
3  Phoenix, AZ 85014
   dpochoda@acluaz.org
4  vlopez@acluaz.org
   *Attorneys for Eric Reuss, M.D., M.P.H.; Paul A. Isaacson, M.D.;*
5  *Desert Star Family Planning, LLC; DeShawn Taylor, M.D.*

6  John R. Tellier
   Arizona Attorney General's Office
7  1275 W. Washington
   Phoenix, AZ  85007
8  john.tellier@azag.gov
   *Attorneys for Members of the Arizona State Medical*
9  *Board and Members of the Board of Osteopathic*
   *Examiners in Medicine and Surgery*
10
   Douglas V. Drury
11 Mueller & Drury, P.C.
   8110 E Cactus Rd., Suite 100
12 Scottsdale, AZ 85260
   dougdrury@muellerdrury.com
13 *Attorneys for Cara M. Christ, M.D.*

14 Kimberly A. Parker
   Tiffany Payne
15 Skye Lynn Perryman
   1875 Pennsylvania Ave, NW
16 Washington, D.C. 20006
   kimberly.parker@wilmerhale.com
17 tiffany.Payne@wilmerhale.com
   skye.perryman@wilmerhale.com
18 *Attorneys for Amici Curiae American College of*
   *Obstetricians and Gynecologists, American Medical Association,*
19 *and Arizona Medical Association*

20 Mailee R. Smith
   1500 S. Second Ave.
21 Morton, IL  61550
   mailee.smith@yahoo.com
22 *Attorneys for Amici Curiae American Association of Pro-Life*
   *Obstetricians & Gynecologists, Physicians for Life, National*
23 *Association of Pro-Life Nurses, and National*

24

25 By: /s/ Kate Hofland

26 #5026100