IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Planned Parenthood Arizona, Inc., et al., ) | No.  CV-15-01022-PHX-SPL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| Mark Brnovich, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiffs' Motion for Attorney Fees and Related Expenses. (Doc. 136). The motion will be granted as follows.

**I.    Entitlement to Attorneys' Fees and Costs**

In any action arising under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To qualify as a "prevailing party," the party must have achieved some relief on the merits that "materially alters the legal relationship between the parties" and is "judicially sanctioned." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604-05 (2001); *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013).

Approximately one year prior to the parties' stipulated dismissal of this action, the Court entered a preliminary injunction enjoining Defendants "from enforcing the provisions of Section 4 of Arizona Senate Bill 1318 to be codified at A.R.S. §§ 36-

2153(A)(2)(h) and (i) pending final judgment on the merits in this case and until further Order of this Court." (Doc. 107.) On this basis, Plaintiffs qualify as the prevailing party.

The preliminary injunction materially altered the parties' legal relationship. Although Defendants stipulated to the relief, the injunction required Defendants to do something directly benefitting Plaintiffs that they otherwise would not have had to do. *See Tipton-Whittingham v. City of Los Angeles*, 316 F.3d 1058, 1062 (9th Cir. 2003); *Richard S. v. Department of Developmental Services of State of California*, 317 F.3d 1080, 1087 (9th Cir. 2003) ("settlement agreement materially altered the legal relationship between the parties, because the defendants were required to do something directly benefitting the plaintiffs that they otherwise would not have had to do"); *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. 2000) ("[T]he legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do."). This relief achieved was the primary concern of Plaintiffs' case; Defendants were enjoined from enforcing the statutory provision requiring health care providers to inform patients that a medication abortion may be reversed. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt*., 589 F.3d 1027, 1030 (9th Cir. 2009) ("Even a voluntary stipulation, adopted by the district court, to stay deportation proceedings earns an immigrant petitioning for review 'prevailing party' status, so long as the stay was the 'primar[y] concern' of the case and secured the petitioner "much of the relief he [had] sought.") (quoting *Carbonell v. I.N.S.*, 429 F.3d 894, 899-900 (9th Cir. 2005)).

The relief obtained followed complete pre-hearing briefing by the parties and "was the product of more than merely a "nonfrivolous but nonetheless potentially meritless lawsuit." *Buckhannon,* 532 U.S. at 606. *Cf. Sole v. Wyner*, 551 U.S. 74, 84 (2007) (preliminary injunction was issued one day after the complaint was filed, allowed no time for discovery, for preparation of witnesses, or for adequate review, expired before appellate review could be gained, and the final decision rejected the claim advanced in the preliminary injunction motion). Contrary to Defendants' arguments, whether the

Court's order addressed the merits, or granted all the relief sought, is not dispositive. *See Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) ("petitioner's success in obtaining the desired relief from the federal court is critical to establishing prevailing party status under *Buckhannon*, regardless of whether the federal court's order addressed the merits of the underlying case"); *Carbonell*, 429 F.3d at 900 ("A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit.") (internal quotation marks omitted). The relief achieved was "sufficiently enduring" to satisfy the "material alteration of the parties' legal relationship" requirement. *Higher Taste*, 717 F.3d at 716. By repealing the statute, Defendants "transformed what had been temporary relief capable of being undone (had the case been litigated to final judgment) into a lasting alteration of the parties' legal relationship." *Higher Taste*, at 717-18. *See also Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016).

The preliminary injunction incorporating the stipulated agreement reached by the parties also meets the "judicial sanction" prong of the prevailing party test. Had Defendants violated the order and attempted to enforce the statute, Plaintiffs could have sought relief from the Court to enforce the injunction. *See Klamath*, 589 F.3d at 1031; *P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165, 1173 (9th Cir. 2007) (a "judicial imprimatur" requires "the existence of some judicial sanction... "in the sense that it has been awarded some relief by a court."); *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) ("A preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy *Buckhannon*."); *Carbonell,* 429 F.3d at 901 (when a court places its "stamp of approval on the relief obtained, that relief has the necessary judicial imprimatur to qualify a plaintiff as a prevailing party") (internal quotation marks omitted).

**II.    Calculation of Attorneys' Fees**

The "lodestar" method is the customary means used to calculate a reasonable fee

award. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).[1] Defendants contest both the hourly rates charged by Plaintiffs' attorneys and the number of hours for which Plaintiffs' attorneys seek to recover.

### A.     Hourly Rates

The Court does not find that the 2016 Economics of Law Practice for Maricopa County, Arizona dictates the rate of the hourly fees requested here. This case presented issues which required demonstrated experience, expertise and specialization at a level that is generally unavailable in Phoenix. Counsel for Planned Parenthood Federation of America, the Center for Reproductive Rights, and the American Civil Liberties Union Foundation – the Reproductive Freedom Project, provided significant value to the Plaintiffs and therefore will be awarded attorneys' fees based on reasonable hourly rates in New York and the District of Columbia as requested. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008); *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir. 1997).

As to local counsel, the Court finds the survey fails to take into account the appropriate billing rate for a seasoned attorney in Phoenix with the specialized experience involved in this instance. The Court will award at the hourly rate requested, which is

---

[1] "[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'" *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The resulting amount is a presumptively reasonable fee. *Id.* Although presumptively reasonable, the Court may adjust the lodestar figure "to account for factors not already subsumed within the initial lodestar calculation," including:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

4

consistent with the rate awarded to the same counsel in other cases of similar complexity. *See e.g., Lopez-Valenzuela v. Maricopa County*, No. CV-08-00660-PHX-SRB, 2015 WL 12811366 (D. Ariz. Jun. 25, 2015) (awarding Daniel Pochoda $525/hour).

The Court makes a downward adjustment of the hourly rate requested by Squire Patton Boggs, LLP counsel. Counsel observes that "the rate charged by Mr. Pochoda ($525/hour), who… has been practicing law for as long or longer than [Lawrence J. Rosenfeld], is reasonable and is comparable to the rates charged by equally experienced and educated counsel at similar firms within the Phoenix metropolitan area, including [himself]." (Doc. 136-5 at 7.) Therefore, Squire Patton Boggs, LLP counsel will be awarded attorneys' fees at a rate similar to the other attorneys in Phoenix assigned to this case with comparative experience and skill. The hourly rate for Lawrence J. Rosenfeld will therefore be adjusted to $525, and Daniel Pasternak's hourly rate will be adjusted to $425.

### B. Hours Billed

Defendants argue that the amount of attorneys' fees should be reduced because Plaintiffs' time logs contain entries that are excessive or duplicative. After reviewing the entries, the Court cannot conclude they constitute excessive hours or needless duplication, even if more than one attorney was involved in completing a particular task, especially in light of the fact that Plaintiffs were represented by different counsel. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects some degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free."); *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort."); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 971 (N.D. Cal. 2014) ("In large cases ..., it is often the case that one person cannot have a complete command of all relevant facts or areas on which a witness may testify. It may therefore be necessary for several attorneys to prepare for a deposition or prepare a witness.").

Defendants next argue that the amount of attorneys' fees should be reduced because Plaintiffs' counsel engaged in block billing. After reviewing the time entries, the Court finds the block billed entries reasonable; the entries include either related tasks or are sufficiently detailed. *See Fischer*, 214 F.3d at 1121 (block billing is not inappropriate per se when the party seeking fees meets the basic requirements of "listing his hours and identifying the general subject matter of his time expenditures") (internal quotation marks omitted); *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (noting that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended").

### III. Non-Taxable Expenses

Under 42 U.S.C. § 1988, the prevailing party may recover out-of-pocket expenses that attorneys normally charge to fee paying clients. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005); *Agster v. Maricopa County*, 486 F.Supp.2d 1005, 1017 (D. Ariz. 2007). Defendants challenge Plaintiffs' request for non-taxable expenses, arguing that the costs are excessive. However, they do not cite to any authority to support their contention that these expenses should not be awarded. The expenses for meals, shipping, postage, parking, and travel are recoverable, as they are generally charged to fee paying clients. *See Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994) (affirming award of expenses for postage, hotel bills, and meals because they are expenses that would normally be charged to a fee paying client). The Court finds the expenses claimed by Plaintiffs are well documented and reasonable.

### IV. Taxable Expenses

On September 6, 2016, the Clerk of Court denied the Bill of Costs with leave to refile following entry of judgment. (Doc. 137.) *See* Fed. R. Civ. P. 54(d)(1); LRCiv 54.1(a). Having found Plaintiffs to be the prevailing party, the Court will direct the Clerk of Court to enter a separate judgment at which time Plaintiffs may refile their Bill of Costs in accordance with the local rules. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d

98, 101 (2nd Cir. 2006) ("[A] litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs.").

Accordingly,

**IT IS ORDERED**:

1.  That, pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk of Court shall enter judgment consistent with the Court's Order dismissing this action (Doc. 134);

2.  That Plaintiffs, as the prevailing party, may refile their Bill of Costs with the Clerk of Court in accordance with the local rules;

3.  That the Application for Attorneys' Fees and Related Expenses (Doc. 136) is **granted**; and

4.  That, pursuant to 42 U.S.C. § 1988, Plaintiffs are awarded attorneys' fees in the amount of **$591,724.50**, and non-taxable expenses in the amount of **$20,494.28** and the Clerk of Court shall enter judgment accordingly.

Dated this 11th day of August, 2017.

Honorable Steven P. Logan
United States District Judge